CITY OF HATTIESBURG *v.* GEIGOR.

[79 South. 846, Division A.]

1. MUNICIPAL CORPORATIONS. *Torts. Governmental duties. Fire department.*

   Where a city fireman was injured while driving his engine from a temporary shed to the fire barn, because of a piece of lumber projecting over the door of the shed, he cannot recover against the city on the ground that the fire chief was negligent in housing the engine in such shed, since the injury was caused by an act performed in the discharge of a governmental duty, for which the city is not liable.

2. SAME.

In such case, the fact that plaintiff was an employee of the city makes no difference. Neither does it make any difference that he was not, at the time of his injury, actually going to a fire, since, at the time of his injury, he was engaged in one of his duties in looking after the horses, and equipment of the fire department, and it is essential to maintain and operate this department, and these are governmental functions.

APPEAL from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.

Suit by L. B. Geigor against the City of Hattiesburg. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Sullivan & Sullivan,* for appellant.

The decisions of the reported case are in harmony with the well-settled rule that a municipal corporation, in the absence of statutory provisions to the contrary, is not liable in' damages to the one injured by the negligent acts of firemen engaged in the line of their duty, although they are appointed, employed, and paid by the municipality. California—*Howard* v. *San Francisco,* 51 Cal. 52; Connecticut—*Jewett* v. *New Haven,* 38 Conn. 368; Georgia—*Wright* v. *Augusta,* 78 Ga. 241; Illinois—*Wilcox* v. *Chicago,* 107 Ill. 334; Indiana—*Brinkmeyer* v. *Evansville,* 29 Ind. 187; *Robinson* v. *Evansville,* 87 Ind. 334; *Aschoff* v. *Evansville,* 34 Ind. App. 25, 72 N. E. 279; Iowa—*Saunders* v. *Fort Madison,* 111 Iowa, 102, 82 N. W. 428; Kentucky—*Greenwood* v. *Louisville,* 13 Bush. (Ky). 226; *Davis* v. *Lebanon,* 108 Ky. 688, 57 S. W. 471; Louisiana—*Yule* v. *New Orleans,* 25 La. Ann. 394; Maine—*Burrill* v. *Augusta,* 78 Me. 118, 3 Atl. 177; Massachusetts—*Hartford* v. *New Bedford,* 16 Gray (Mass.) 297; *Fisher* v. *Boston,* 104 Mass. 87; *Tindley* v. *Salem,* 137 Mass. 171; Minnesota—*Grube* v. *St. Paul,* 34 Minn. 402, 26 N. W. 228; See, also—*Miller* v. *Minneapolis,* 75 Minn. 133, 77 N. W. 788; Mississippi

—*Alexander* v. *Vicksburg,* 68 Miss. 564; Missouri— *Heller* v. *Sedalia,* 53 Mo. 159; *McKenna* v. *St. Louis,* 60 Mo. App. 320; Nebraska—*Gillespie* v. *Lincoln,* 35 Neb. 34, 53 N. W. 811; New Hampshire—*Edgerly v. Concord,* 59 N. H. 78; New York—*Smith* v. *Rochester,* 79 N. Y. 506; *O'Meara* v. *New York,* 1 Daly (N. Y.), 425; *Woolbridge* v. *New York* (Sup. Crt. Spec. T.), 49 Howard Pr. (N. Y.) 67; *Thompson.* v. *New York,* 52 N. Y. (Sup. Ct.), 427; North Carolina—*Peterson* v. *Wilmington,* 130 N. C. 76, 40 S. E. 853; Ohio—*Wheeler* v. *Cincinnati,* 19 Ohio St. 19; *Frederick* v. *Columbus,* 58 Ohio St. 538, 51 N. E. 35; Oregon—*Wagner* v. *Portland,* 40 Oregon 389, 60 Pac. Rep. 985, 67 Pac. Rep.—; Pennsylvania— *Kies* v. *Erie,* 135 Pa. St. 144, 19 Atl. Rep. 942; *Freeman* v. *Philadelphia,* 13 Phila. (Pa.), 154, 36 Leg. Int. (Pa.) 148; Rhode Island—*Dodge* v. *Granger,* 17 R. I. 664, 24 Atl. 100; Texas—*Shanewerk* v. *Fort Worth,* 11 Tex. Civ. App. 271, 32 S. W. 918; *Blankenship* v. *Sherman,* 33 Tex. Civ. App. 507, — S. W. 805; Vermont —*Welsh* v. *Rutland,* 56 Vt. 236; Washington—*Lawson* v. *Seattle,* 6 Wash. 184, 33 Pac. 347; *Lynch* v. *N. Yakoma,* 37 Wash. 657, 80 Pac. Wisconsin—*Rayes* v. *Oshkosh,* 33 Wis. 314; *Manske* v. *Milwaukee,* 123 Wis. 172, 101 N. W. 377.

Counsel cites 19 Ruling Case Law, page 1085, paragraph 372, but an examination of this authority will show that it does not apply to the case at bar. Section 372 cited deals with the construction of public improvements negligently constructed or negligently maintained, and does not deal with fire departments at all.

Ruling Case Law does deal with the question of municipal liabilty in conducting a fire department and expressly declares that a municipality acts in its governmental capacity in conducting a fire department, and that the firemen are not agents and servants of the municipality so as to render it civilly liable for their misconduct or negligence.

It is also stated that a city is not liable to a fireman or other employee of the fire department who is injured by defective apparatus.   Several cases are cited to support this statement, and the case of *Bowden* v. *Kansas City,* 69 Kans. 587, is cited *contra;* See 19 Ruling Case Law, pages 1117 and 1118, paragraphs 398 and 399.

The above authority cites the case of *Long* v. *Birmingham,* 161 Ala. 427, 49 So. 881, 18 Ann. Cas. 507, and note, with other authorities, to show no liability on the municipality to the fireman for injury while engaged about his duties as fireman.

*Currie & Currie,* for appellee.

Appellant lays down its contention in the following paragraph of its reply brief: "The decision of the reported case is in harmony with the well settled rule that a municipal corporation in the absence of statutory provisions to the contrary, is not liable for damages to one injured by the negligent acts of firemen engaged in the line of their duty, although they are appointed, employed, and paid by the municipality."

We assume that the cases cited by counsel in the reply brief support the above paragraph, but they do not answer the case of the appellee, for the reason that the point held in these cases is that a municipality is not liable in damages to a third person for injuries inflicted by the negligence of the firemen while engaged in extinguishing a fire.   And, in passing, we call the court's attention to the fact that this is the point decided by this honorable court in the case of *Alexander* v. *The City of Vicksburg.*

The case at bar is one in which the appellee, Geigor, was himself a fireman and was injured on account of the negligence of Potter, the chief of the fire department, and the authorities cited by the appellant are not in point.   The facts of the case cited by appellant

are different from the facts in the case at bar for decision.

So far as we have been able to see the only Mississippi decision which the appellant cites and urges is the case of *Alexander* v. *The city of Vicksburg.* In that case, the horse of Alexander was run into and killed while the fireman was on his way to the scene of a fire for the purpose of fighting and extinguishing it. The question in the Alexander case was therefore: Is a municipality liable in damages to a third person for injury inflicted upon him by the negligence of a fireman while engaged in fighting and extinguishing a fire? The Alexander case is not an authority in point.

The appellee in the case at bar was not at all engaged in any sort of work about fighting or extinguishing a fire. The appellant was not at all engaged in any sort of work about fighting or extinguishing a fire, at the time the appellee, Giegor, received his injuries. Potter, the fire chief, and Giegor, the appellee, were engaged solely in sheltering and caring for the horses regularly used at fire station number two and being temporarily kept in this dangerous shed or barn, under the sole and exclusive orders of Potter, the chief of the fire department.

The record establishes the fact, and it is admitted by the appellant, and the testimony of Chief Potter shows that the appellee was under the control of Chief Potter, subject to his orders and was bound to obey the orders given him by Chief Potter.

In page three of its reply brief, the appellant cites the text of Fifth Edition of Dillon, Vol. 4, section 1660, page 2893, in support of its contention. That paragraph is not in point. It simply says that a municipality is not liable for the negligence of firemen appointed and paid by it who, when engaged in their line of duty upon an alarm of fire, run over a person on the way to the

fire. This paragraph announces what the case of *Alexander* v. *The City of Vicksburg* decided.

There is not to be found reported from the state of Mississippi, a decision based upon facts the same or similiar to the facts in the case at bar, in which this honorable court upheld that there was no liability against the municipality on the theory argued by the appellant. At least, the appellee has not been able to discover such a decision, and the appellant has failed to cite such decision and we therefore, feel safe in saying that it has found no such case.

The exact point presented by the record in this case, and the exact and precise question presented, is, so far as the adjudication of this honorable court are concerned, an open question, and we submit that there is a clean, clear-cut line of cleavage between those duties and functions which are legislative, judicial, and political, in their nature, and those which are ministerial; and that the appellant in passing the ordinance establishing the fire department providing for the three stations and their equipments was discharging a governmental duty, but that Chief Potter and the firemen who had control and management of the fire apparatus were performing merely ministerial duties in looking after, caring for, and preserving the equipment and apparatus.

We submit that the case of *Bowden* v. *Kansas City,* in which Bowden was a fireman, and the other decisions cited by the appellee are exactly in point, deal directly with the question involved in this case, and that the doctrine laid down in these cases is absolutely unanswerable in law, reason, and justice.

But the appellant does not undertake to answer the further proposition laid down by the appellee.

The appellee contends that the appellant is liable for the reason that Potter, the chief of the fire department, overstepped and abused his power and authority delegated to him by the appellant in carelessly and negligently ordering and requiring the appellee to keep

his horses and wagon in this dangerous barn or shed, as a proximate and direct result of which the appellee received his injury.

Potter, the chief of the fire department, was acting within the apparent scope of his authority and in line with his duties in ordering the appellee to keep his horses and wagon in this dangerous shed or barn, and it was the duty of the appellee to obey these orders, and he was acting in obedience to these orders at the time of his injury.

The city of Hattiesburg, acting as a municipality, had not, so far as the record in this case shows, ordered that the fire equipments from stations number two and three be moved into this shed, or barn: it certainly had not ordered that these equipments be kept in this dangerous shed or barn; the record shows affirmatively that this shed or barn was not the place provided by appellant in which to keep the fire apparatus of any of its stations; for anything the record in this case shows, the city of Hattiesburg, as a municipality, had no knowledge or notice of any sort that the apparatus from stations number two and three had been ordered into station number one and were being kept in this dangerous shed or barn. These facts cut the appellant completely loose from the doctrine of law contended for by it.

If the appellee is, as we construe its contention, planting itself upon a supposed principle of public policy in asking this honorable court to relieve it from liability in this case and to establish in this state a rule of law and precedent which would relieve it from liability under any imaginable case, no matter what the facts might be, and no matter how atrocious the acts of negligence might be, we submit that we may well appeal to the court to pause before giving its assent to such a nefarious principle of public policy, one which would turn loose in any city in the state of Mississippi the firemen to run rampant, pell-mell harum-scarum over men, women, children, and property in the streets,

without the exercise of any care or caution to avoid the infliction of death and destruction of property; a policy in the face of which wantonness and wilfulness on the part of the firemen in the destruction of human life and property would not operate to render the municipality liable.

But the principle of law sought to be applied to this case by the appellant is not as a matter of principle, based upon public policy. It grew out of and rests upon the theory as pointed out in our original brief, that negligence cannot be imputed to the *state*.

And the complete answer to the proposition, so far as this case is concerned, is that the city of Hattiesburg in establishing a fire department, was not discharging any governmental function imposed upon the state by the laws of the state as the sovereign, and was not acting as officers or agents of the state, and that the city of Hattiesburg voluntarily, without compulsion of any state law, created by its own ordinance, a fire department.

And, finally there was no governmental act of the city of Hattiesburg, as a sovereign which produced the injury of the appellee, but which was caused by the mere ministerial negligent act of the agent of the city to whom it had delegated the control and management of the firemen and the fire apparatus, an act which was clearly and purely ministerial.

SYKES, J., delivered the opinion of the court.

The appellee, L. B. Geigor, plaintiff in the circuit court, recovered judgment against the city of Hattiesburg for damages for personal injuries sustained by appellee alleged in the declaration to have been caused by the negligence of the city, from which judgment this appeal is prosecuted.

The city of Hattiesburg maintains and operates a fire department within its limits. It has in its employ

a chief of this department, who has supervision and control of the members of the crew employed therein. There are maintained three separate fire stations by the city, and the appellee was a captain of one of its stations. Owing to certain repairs which were being made, the fire engine and horses of the station of which the appellee was captain were being temporarily housed under a shed near the city hall. It was the duty of the appellee to look after his engine and horses and to drive them from the temporary shed to their regular quarters whenever necessary. Appellee, while driving his engine from under this shed, was struck on the head and severely injured by a projecting piece of lumber nailed from the ceiling and projecting over about the center of the opening of the doors. There was not sufficient room for the appellee to drive from under this shed, when seated on his engine, because of the projection of this piece of lumber. It is claimed that the chief of the fire department was negligent in keeping the engine in this shed and in ordering appellee to drive his engine therefrom. The gravamen of the declaration is the negligence of the chief of the fire department. A demurrer to the declaration was filed by the defendant in the lower court and overruled. The question of negligence was submitted to the jury, and the jury returned a verdict in favor of the plaintiff.

It is the contention of the appellant that the city in maintaining and operating its fire department was performing governmental functions or duties for which it is not responsible in damages for its negligence or that of its employees. This contention is well taken. The great weight of authority in this country is that a municipality is not liable for the commission of a tort in connection with its governmental functions or duties in the absence of statutory enactment. The line of demarcation between governmental functions or duties, in the performance of which a municipality is not

liable, and the exercise of other corporate duties for which it is, is often difficult to determine.

"What are governmental powers and duties, and what are corporate duties, is not subject to precise definition further than to say this: The powers and duties of municipal corporations are to twofold character; the one public as regards the state at. large, in so far as they are its agents in government; the other private in so far as they provide the local necessities and conveniences for their own citizens. A municipal corporation 'possesses two kinds of powers; one governmental and public, and to the extent they are held and exercised is clothed with sovereignty; the other private, and to the extent they are held and exercised is a legal individual. The former are given and used for public purposes; the latter for private purposes. While in the exercise of the former the corporation is a municipal government, and while in the exercise of the latter is a corporate legal individual.'

"There are some duties the nature of which as governmental is too well settled to be disputed, such as the establishment and maintenance of schools, hospitals, poorhouses, fire departments, police departments, jails, workhouses, and police stations, and the like. In fact, duties connected with the preservation of the peace or health, or the prevention of the destruction of property by fire are all governmental duties, without question, and hence there is no municipal liability for torts in connection therewith, or at least not unless under peculiar circumstances." 9 McQuillin, Municipal Corporations, pp. 5404-5407. See, also, section 2643, same authority.

"The power to organize and regulate a fire department and otherwise provide for the prevention of and guarding against damage by fire is generally held to be a legislative or judicial one, or a governmental as distinguished from a mere corporate one, and the failure

of the corporate authorities to exercise the power to the full extent necessary to protect the citizens from such damage does not render the city liable to an action therefor." 28 Cyc., p. 1303.

"398. Injury by Acts of Firemen or Defective Apparatus.—As the extinguishment of fires is a governmental function, the firemen are not the servants or agents of the city or town by which they are employed, so as to render it civilly liable for their misconduct or negligence. Thus it has been held that a city or town is not liable for injuries to a traveler on the highway who is run down by the negligent driving of fire apparatus, or who is injured by obstructions or other dangers negligently placed in a highway by members of the fire department, or to a citizen who is injured by the defective condition of a fire engine house, or to a fireman or other employee of the fire department who is injured by defective apparatus." 19 R. C. L. p. 1117.

In actions against municipalities by third parties for the negligence of its firemen, the municipality has been held not liable for the reason that in maintaining and operating a fire department the city was performing a governmental function. *Cunningham* v. *City of Seattle,* 42 Wash. 134, 84 Pac. 641, 4 L. R. A. (N. S.) 629, 7 Ann. Cas., p. 805. There is an exhaustive note in this volume of the Annotated Cases showing that the great weight of authority is in accord with this decision.

In the case of *Alexander* v. *City of Vicksburg,* 68 Miss. 564, 10 So. 62, which was an action for damages against the city of Vicksburg for the alleged negligence of a fireman while driving his fire engine to a fire, the city was held not liable. The court rendered this opinion:

"It is held generally, if not universally, by the courts of this country, that in cases of the class to which this belongs, the municipality is not liable, as is abundantly shown by the citations of counsel on both sides, which see."

The fact that the appellee was an employee of the city makes no difference. Neither does it make any difference that he was not at the time of his injury actually going to a fire. At the time of his injury he was engaged in one of his duties in looking after the horses and equipment of this department. It is essential to maintain and operate this department, and these are governmental functions.

The case of *Long* v. *City of Birmingham,* 161 Ala. 427, 49 So. 881, 18 Ann. Cas. 507, was a suit by a fireman for the alleged negligence of the city and is very much in point. There is also an exhaustive note to this case which is reported in 18 Ann. Cas. 507.

In the establishment, maintenance, and operation of its fire department a municipality is in the performance of its governmental functions and is not responsible for the negligence of its employees in this department. The demurrer to the declaration should have been sustained. The peremptory instruction requested by appellant should also have been given.

The judgment of the lower court is reversed, and a judgment will be entered here in favor of the appellant.

*Reversed.*