IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-CA-01998-SCT

*MARTIN SCOTT McGRATH*

*v.*

*THE CITY OF GAUTIER, MISSISSIPPI AND OFFICER VINCENT D. NICHOLSON IN HIS OFFICIAL CAPACITY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/19/1999 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RALPH PRESTON KING, II |
| | WENDY C. HOLLINGSWORTH |
| ATTORNEYS FOR APPELLEE: | PHILLIP WAYNE JARRELL |
| | TRACE D. McRANEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 6/28/2001 |
| MOTION FOR REHEARING FILED: | 7/9/2001; denied 9/20/2001 |
| MANDATE ISSUED: | 9/27/2001 |

**BEFORE BANKS, P.J., SMITH AND COBB, JJ.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This case is before the Court on appeal from a summary judgment dismissing the City of Gautier from liability under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 2000). Because we find that the maintenance of police vehicles is a governmental function which cannot be separated from police protection activities, which are expressly exempted from liability, we affirm.

**I.**

¶2. On October 7, 1998, Martin Scott McGrath (McGrath) filed suit in the Circuit Court of Jackson County against the City of Gautier, Mississippi (City) and officer Vincent D. Nicholson (Officer), in his official capacity, alleging that the officer, while acting in the course and scope of his employment with the City, negligently collided with the rear of his vehicle on October 14, 1997. According to the accident report, the officer, while on duty, was driving when the brakes in his patrol car failed, causing him to collide with McGrath's car which was stopped at a red light. Although the officer attempted to engage his emergency brake prior to the collision, he was unable to in time, and his vehicle left 19 feet of skid marks at the scene.

¶3. The City moved for summary judgment asserting that it and the officer were entitled to immunity under the police protection exemption in the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9(1)(c). McGrath argued there was no entitlement to immunity because the City was privately insured for tort liability and the officer was performing a ministerial function unrelated to police protection at the time of the accident. In an amended complaint, McGrath further argued that the officer was engaged in activities of a

personal nature, and that the patrol car was negligently inspected and maintained as grounds for denying summary judgment. Nevertheless, the trial court granted summary judgment for the City and the officer.

¶4. While motions to reconsider and to compel were pending in the trial court, this Court issued its initial opinion in *L.W. v. McComb Separate Mun. Sch. Dist.*, No. 97-CA-01465-SCT, holding that the purchase of liability insurance by a governmental entity is a waiver of immunity. In reliance upon *L.W.*, the trial court set aside its dismissal, for the limited purpose of procuring a copy of the City's liability insurance policy to determine if there was indeed coverage for the accident. Further action in the case was held in abeyance, pending the outcome of the rehearing in *L.W.*

¶5. In *L.W.*, 754 So. 2d 1136, 1144-45 (Miss. Sept. 2, 1999), this Court, denied the motion for rehearing, but withdrew its original opinion and departed from the portion of the original opinion which held the purchase of liability constitutes a waiver of immunity. Guided by that decision, the trial court found that the City and the officer were still entitled to summary judgment and dismissed the action with prejudice. McGrath appeals from that judgment.

## II.

¶6. In reviewing a summary judgment, this Court proceeds de novo. *Cities of Oxford v. Northeast Miss. Elec. Power Ass'n*, 704 So. 2d 59, 64 (Miss. 1997). If the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate, M.R.C.P. 56, and this Court will not reverse.

¶7. Pursuant to the Mississippi Tort Claims Act (MTCA), which exempts governmental entities and their employees from liability for certain torts committed while acting within the course and scope of their employment, the trial court found that the City of Gautier and Officer Nicholson were entitled to immunity and summary judgment as a matter of law. The question presented, therefore, is one of statutory construction. We must decide whether the maintenance and inspection of police vehicles are activities related to police protection, so that the city and the officer are immune from liability arising out of negligence in the performance thereof.

¶8. The police protection exemption reads in pertinent part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * *
>
> (c) Arising out of any act or commission of an employee of a governmental entity engaged in *the performance or execution of duties or activities relating to police or fire protection* unless the employee acted *in reckless disregard* of the safety and well-being of any person not engaged in criminal activity at the time of injury;

Miss. Code Ann. § 11-46-9(1)(c) (Supp. 2000) (emphasis added).

¶9. Apparent in the language is that those officers who act within the course and scope of their employment, while engaged in the performance of duties relating to police protection, without reckless disregard for the

safety and well being of others, will be entitled to immunity. Less apparent is precisely what construction to give to the language "duties or activities relating to police . . . protection."

**a.**

¶10. The key phrase "police protection" is not defined in the statute, and this precise issue has never been decided by our courts. Our previous pronouncements examining liability for police actions under the Mississippi Tort Claims Act, however, include activities which shed some light on the issue, such as: deciding whether to arrest a driver or allow him to continue driving, arresting and detaining a suspect, administering an intoxilizer test on the roadway, accidentally shooting a person resisting arrest, aiming weapons at and negligently detaining a suspect. *See* Jim Fraiser, *A Review of the Substantive Provisions of the Mississippi Governmental Immunity Act: Employees' Individual Liability, Exemptions to Waiver of Immunity, Non-Jury Trial, and Limitation of Liability*, 68 Miss. L.J. 703, 763-64 (1999) (citing *Smith v. Thompson,* No. 2:96CV159-B-B, 1998 WL 97287, at *2-3 (N.D. Miss. Jan 28, 1998) (granting summary judgment in favor of an officer who aimed his weapon at a person he mistakenly believed to be a real suspect); *Moore v. Carroll County,* 960 F. Supp. 1084, 1088-92 (N.D. Miss. 1997) (holding a deputy to be immune from a state tort claim arising when the deputy's weapon accidentally discharged); *Foster v. Noel*, 715 So. 2d 174, 178-80 (Miss. 1998) (holding that an officer was not liable under the Mississippi Tort Claims Act when he acted pursuant to a valid arrest warrant and not in reckless disregard for the arrestee's safety and well-being); *Hall v. Mississippi Dep't of Pub. Safety,* No. 96-CA-00832-SCT, slip op. at 7, 708 So. 2d 564 (Miss. 1998) (table) (holding an officer liable when he placed a driver in harm's way while administering roadside sobriety tests) (emphasis added)). Although not an exhaustive list, these activities are clearly integral to providing police protection.

**b.**

¶11. On the issue of whether the negligent maintenance of brakes in the officer's car is an activity arising under the police protection exemption of MTCA, the trial court stated:

> I see no genuine issue of material fact here. The fact that the City or its employees may have been negligent in the maintenance of a police vehicle, similarly in my judgment is an act of police protection. And I can't separate that from what police officers do. If there is some allegation of failure to maintain a police vehicle, I find the City to be immune under the same provisions, which are in 11-46-9(c).

¶12. We agree. Mississippi courts, however, have never directly confronted whether the maintenance of a police vehicle is an activity relating to police protection. Prior to the enactment of the MTCA, the determination of municipal immunity would depend upon whether the municipality acted in a governmental or proprietary capacity. Where persons have suffered injuries caused by city employees driving city vehicles, for example, we have made the following pronouncements: (1) The establishment of and maintenance of the police department is a governmental function, rather than a proprietary function. (2) A municipality is immune when the injury stems from a performance of a governmental function. (3) Municipalities are not liable for the negligence of its officers, agents or employees while performing governmental functions. *See Jackson v. Smith*, 309 So. 2d 520, 523 (Miss. 1975) (city found immune when policeman, while driving with mechanic as passenger to determine if vehicle was malfunctioning, responded to accident call and hit child with patrol car; court held the establishment of and maintenance of the police department is a governmental function, stating that the "duty to see that the police car used in connection with police duties was properly maintained was nothing more or less than a part of the activities

of the police department in its law enforcement activity."); ***City of Meridian v. Beeman,*** 175 Miss. 527, 166 So. 757 (1936) (where judgment of liability upheld for both city and policeman, when he, while on patrol, ran over bicyclist; and testimony did not show that police officer was involved in duties distinctly police in their nature such as pursuing a criminal or responding to an emergency call). *But see **Thomas v. Hilburn***, 654 So. 2d 898, 902 (Miss. 1995) (city not entitled to immunity when city garage employee after pulling a police car out of the mud, collided with another car, because the operation of a service garage and tow truck for the maintenance of city vehicles was a proprietary function; court also finding that whether the vehicle was being retrieved for maintenance was of no consequence in contrast to *Smith*, because no state law requires the establishment of city garages and towing services.").

¶13. The rule that the establishment and maintenance of a police department are governmental functions was first announced in ***City of Hattiesburg v. Geigor,*** 118 Miss. 676, 79 So. 846 (1918), and restated most recently in ***Mosby v. Moore***, 716 So. 2d 551, 555 (Miss. 1998), and ***Gale v. Thomas***, 759 So. 2d 1150, 1154-55 (Miss. 1999). In ***Geigor,*** the City of Hattiesburg contended that maintaining and operating its fire department were governmental functions for which it was not responsible for its negligence or that of its employees, when a city fireman was injured while driving an engine from a temporary shed to a fire barn. The Court agreed, stating that there are

> some duties the nature of which as governmental is too well settled to be disputed, such as the establishment and maintenance of schools, hospitals, poorhouses, fire departments, *police departments*, jails, workhouses, and police stations, and the like.

79 So. at 846 (quoting 6 McQuillin, *Municipal Corporations*, at 5404-07 (emphasis added)).

¶14. In ***Mosby v. Moore,*** 716 So. 2d 551 (Miss. 1998), we restated the rule announced in ***Geigor*** when a motorist was injured in a collision with a vehicle being pursued by police officers during a high speed chase. At the time of the accident, the Legislature in an extraordinary session, had enacted Miss. Code Ann. § 11-46-3(1) intending to grant to the state and its political subdivisions sovereign immunity, except, however, where the municipality or employee was engaged in proprietary functions. Miss. Code Ann. § 11-46-3 (2) (Supp. 1992). Based on the statute, and the holdings of ***Smith***, ***Geigor***, and ***Anderson v. Jackson Mun. Airport Authority***, 419 So. 2d 1010 (Miss. 1982), this Court found that the city was immune because the establishment of a police force is a governmental rather than proprietary function.

¶15. A plurality of this Court reached the same result in ***Gale v. Thomas***, 759 So. 2d 1150 (Miss. 1999) (plurality opinion), yet again, when a driver was injured when a police officer, while on patrol, ran a red light. The plaintiff argued that because the officer's conduct in operating his patrol car was not a discretionary function, the city may be held liable. The plurality rejected the argument, stating that the appropriate inquiry was whether the maintenance and operation of a police department were proprietary or governmental functions. The plurality concluded, as a result, that the city was immune because the establishment and maintenance of police force is a governmental function, and the "conduct giving rise to the injury was not of a proprietary nature". *Id*. at 1155.

¶16. The Court is well aware that these cases are readily distinguishable from the case sub judice because they do not allege negligent maintenance of city vehicles caused the injuries sustained. They do, however, suggest that because an injury is caused by a police vehicle, operated and maintained by the police department, liability will automatically be precluded because the maintenance of a police department is a governmental function, for which municipalities are exempt. We, therefore, affirm the ruling of the trial court.

**III.**

¶17. McGrath has also asked this Court to find that no immunity attaches because the City of Gautier purchased liability insurance. We squarely addressed this issue in *L.W. v. McComb Separate Mun. Sch. Dist.,* 754 So. 2d 1136 (Miss. 1999). The purchase of insurance by a governmental entity does not waive sovereign immunity. It does not matter that the City of Gautier has insurance to cover this incident. The purchase of insurance by a governmental entity covers claims in excess of the statutory cap. It does not limit enumerated exclusions or exemptions from the waiver of sovereign immunity. *Id*. at 1145. *Accord*, *Maxwell v. Jackson County*, 768 So. 2d 900, 903 (Miss. 2000); *Leslie v. City of Biloxi*, 758 So. 2d 430, 434 (Miss. 2000). This issue is therefore without merit.

**IV.**

¶18. For these reasons, the judgment of the Jackson County Circuit Court is affirmed.

¶19. **AFFIRMED.**

**PITTMAN, C.J., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. McRAE, P.J., AND EASLEY, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**