¶ 17. While I agree with the majority's final decision in this case to reverse and remand, I do not join the majority's holding that the insurance policy owned by the airport was not evidence that Airport was aware it could sue or be sued. For this reason alone, I respectfully write separately from the majority.
¶ 18. Before the MTCA was adopted, the purchase of insurance was considered relevant when a governmental entity claimed sovereign immunity. In fact, it estopped the entity from asserting sovereign immunity. L.W. v. McComb Separate Mun. Sch. Dist., 754 So.2d 1136, 1143 (Miss. 1999). The majority continues further to cite McGrath v. City ofGautier, 794 So.2d 983, 986 (Miss. 2001), which states, "[t]he purchase of insurance by a governmental entity covers claims in excess of the statutory cap. It does not limit enumerated exclusions or exemptions from the waiver of sovereign immunity."
¶ 19. The majority correctly states that since the adoption of the MTCA an entity's mere purchase of insurance, does not waive its sovereign immunity (up to the statutory limit). But the majority overlooks the fact that the Airport tried to claim that it was not able to sue or be sued. While the Airport might have been immune to liability to a certain extent because of the MTCA, it anticipated the fact that it could be sued above this amount of protection afforded by the MTCA and purchased insurance for further protection. The fact that it owned this insurance is evidence that it believed it could be sued.
McRAE, P.J., AND GRAVES, J., JOIN THIS OPINION.