859 So.2d 1049 (2003)
Geneva KELLEY and Barry Kelley, Appellants,
v.
GRENADA COUNTY, Mississippi, Appellee.
No. 2002-CA-01265-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1051 John R. Reeves, Christopher Paul Palmer, attorneys for appellant.
John S. Hill, Tupelo, Holly Stubblefield Mathews, attorneys for Appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Barry and Geneva Kelley filed suit against Grenada County for injuries arising from a collision with a vehicle operated by a sheriff's deputy. The circuit court found that the county was entitled to an immunity for what was only negligent conduct by the deputy. Summary judgment was granted. On appeal, the Kelleys argue that a fact question existed that the officer may have acted in reckless disregard of their safety and was not merely negligent. We find no error and affirm.

STATEMENT OF FACTS
¶ 2. In February 2000, at approximately 7:00 P.M., Grenada County Sheriff's Deputy Jimmy Miller was stationed in a parking lot on Highway 7. He received a call from a fellow officer requesting assistance because four people had just stolen a vehicle. Deputy Miller left the parking lot and began driving south on Highway 7. He did not use his siren because of a concern that other vehicles would stop abruptly and cause an accident. Miller recalls reaching to turn on his flashing lights just before the collision occurred. He was not speeding as he responded to this call.
¶ 3. Mrs. Kelley was in her van in a nearby Texaco gas station parking lot also on Highway 7. The lanes of the highway were divided by double solid yellow lines. She was exiting the station, preparing to cross over the highway in order to make a left turn and proceed north on the highway. There was no traffic approaching from Mrs. Kelley's right side. Coming from her left was a pickup that was turning into the station. Mrs. Kelley pulled in front of the truck to cross the highway.
¶ 4. Deputy Miller was close behind the truck that was turning into the station. In order to avoid the truck as it was turning, Deputy Miller crossed over the center double solid lines to steer around it. At the same time, Mrs. Kelley was turning onto the highway. Her van and Deputy Miller's vehicle collided. Mr. Kelley arrived at the scene of the accident within minutes of the collision.
¶ 5. Mrs. Kelley filed suit under the Mississippi Tort Claims Act against the county for her injuries. Mr. Kelley joined in the suit, claiming loss of consortium. The circuit court granted the county's motion for summary judgment based on immunity. From this decision, the Kelleys appeal.

DISCUSSION
1. Reckless disregard
¶ 6. A summary judgment is a useful mechanism to determine if there are any fact issues for which a trial is needed or only legal issues for which a trial would be needless. The trial court in granting a summary judgment makes a decision based completely on legal considerations, including that there are no disputes of material fact. On appeal, we review the *1052 same materials as did the trial judge and apply the same standard. Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss. 1996). We decide whether there is a genuine issue of a material fact, and if not, whether the legal conclusions drawn from the undisputed facts are correct. Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993). In order to be material, a factual issue must be "outcome determinative...." Simmons v. Thompson Mach. of Miss., 631 So.2d 798, 801 (Miss.1994).
¶ 7. The Mississippi Tort Claims Act provides the exclusive civil remedy against a governmental entity or its employees for torts. Miss.Code Ann. § 11-46-7(1) (Rev.2002). There are immunities that apply, including the following relevant for today's appeal:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;
Miss.Code Ann. § 11-46-9(1)(c) (Rev. 2002). The governmental actor here was a law enforcement officer. In order for liability to exist, there must be reckless and not merely negligent conduct.
¶ 8. There was discovery in the case on the question. Officer Miller and Mrs. Kelley each gave a deposition. Mr. and Mrs. Kelley executed affidavits regarding the characteristics of the highway at that location. Also submitted were a photograph of Mrs. Kelley's van and the police officer's report of the collision.
¶ 9. The Kelleys argue that there was a genuine dispute as to whether Deputy Miller acted with reckless disregard for the safety of Mrs. Kelley. They claim that he was reckless when he did not sound his siren or flash his lights to alert her of his presence. They also claim he was reckless since he steered around the truck turning into the Texaco station rather than coming to a stop. The county argues that the deputy was merely negligent.
¶ 10. Competing arguments regarding what legal standard better categorizes certain conduct do not create a dispute of fact. There is no evidence disputing Deputy Miller's statement that he was responding to a call for assistance from a fellow officer. He was acting in the scope of his duties as a deputy when the collision with Mrs. Kelley occurred. There is no evidence that Deputy Miller was speeding when the collision occurred. He testified under oath that he was not exceeding the speed limit of 55 miles per hour. Mrs. Kelley never claimed Deputy Miller was speeding. She testified that she never even saw him. Her view was obscured by the truck turning into the station.
¶ 11. Based on these undisputed facts, first the trial court and now this appellate one is to determine whether there is an issue to be tried on whether reckless disregard could be attached as a label to Miller's actions.
¶ 12. Reckless disregard is a high standard. While reckless disregard includes gross negligence, it is a higher standard than gross negligence by which to judge the conduct of officers. City of Jackson v. Lipsey, 834 So.2d 687, 691-92 (Miss.2003). The court's reasoning was that "disregard" of the safety of others is at least negligence if not gross negligence. By placing the word "reckless" before "disregard," the legislature was elevating the standard from simply a disregarding of *1053 the safety of others. Id. at 692. Law enforcement officers are immune from negligence claims. For an officer to be found reckless, the actions must be "wanton or willful." Id. This kind of conduct is only one step removed from specific intent. Turner v. City of Ruleville, 735 So.2d 226, 229-30 (Miss.1999). "Our case law indicates `reckless disregard' embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." Id. at 230.
¶ 13. We review precedents in which the immunity did not apply in order to understand the nature of the required conduct. In one appeal, the Supreme Court considered a police officer who was speeding without using his siren or flashing his lights when he collided with another vehicle. City of Jackson v. Perry, 764 So.2d 373, 375 (Miss.2000). This officer was not responding to an emergency call but rather going to meet others for dinner. Id. The Supreme Court held the officer's conduct "showed a reckless disregard of the safety and well-being of others." Id. at 378.
¶ 14. In another suit, a deputy sheriff backed his car up an incline to the entrance of the county jail in a non-emergency situation. Maye v. Pearl River County, 758 So.2d 391, 392 (Miss.1999). At the same time, another car was turning into the parking lot and the two cars collided. Id. Although he checked his mirrors before backing up his car, the deputy sheriff testified he could not see the road from the parking lot because his view was obstructed. Id. This was found to be a conscious indifference to the consequences of his actions, and those actions rose above "simple negligence to the level of reckless disregard of the safety and well-being of others." Id. at 395.
¶ 15. We review one final precedent in which immunity was not obtained. A police officer responded to an auto burglary although he was not the primary nor secondary unit. Lipsey, 834 So.2d at 692. The judge found that the officer had not turned on his flashing lights or sounded his siren; the officer admitted to speeding. Id. The Court found that the officer was acting in reckless disregard for the safety of others. Id. at 693.
¶ 16. Of the precedents in which immunity was found, the one that is most analogous here is Maldonado v. Kelly, 768 So.2d 906 (Miss.2000). A deputy was driving a police vehicle when he collided with a citizen. At the time of the accident, a water tower partially blocked the deputy's view at an intersection, but the officer crossed into the intersection anyway and hit another vehicle. The Supreme Court held that the county and officer were entitled to immunity. The needed recklessness was described this way:
These terms apply to conduct which is still merely negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended. The usual meaning assigned to [the] terms is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow.
Maldonado, 768 So.2d at 910 (quoting Orthopedic & Sports Injury Clinic v. Wang Labs., Inc., 922 F.2d 220, 224 n. 3 (5th Cir.1991)).
¶ 17. The court characterized suits in which no immunity was found as having demonstrated an appreciation by the law enforcement official of the risk of injury and also an intentional disregard of this risk. Maldonado, 768 So.2d at 910-11. *1054 The officer in Maldonado did not have this same appreciation of and indifference to the risk. Id. That applies to Miller's actions as well.
¶ 18. Deputy Miller was not speeding and was responding to a call from a fellow officer. He did not sound his siren because he did not want there to be any accidents resulting from motorists coming to an abrupt stop. Though failing to anticipate that another vehicle might be pulling out from the blind spot in front of the truck in front of him, Miller's decision to steer around that turning truck did not exhibit a wilful or wanton disregard for the safety of others. It showed negligence but not virtually a "willingness that harm should follow."
¶ 19. The grant of summary judgment is affirmed.
¶ 20. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.