936 So.2d 395 (2006)
Talvish S. REYNOLDS, individually, and Courtney Reynolds, Minor, and Brittany Reynolds, minor, by and through their Mother and Natural Guardian, Talvish S. Reynolds, Appellants
v.
COUNTY OF WILKINSON, STATE OF MISSISSIPPI, Appellee.
No. 2004-CA-02282-COA.
Court of Appeals of Mississippi.
April 4, 2006.
Rehearing Denied August 15, 2006.
*396 Lester Joseph Meng, attorney for appellants.
William Robert Allen, Robert O. Allen, Brookhaven, attorneys for appellee.
EN BANC.
SOUTHWICK, J., for the Court.
¶ 1. Talvish Reynolds filed suit against Wilkinson County for personal injuries received when her vehicle collided with a sheriff's vehicle. The trial court granted the county's motion for summary judgment. Reynolds appeals, alleging error in the trial court's interpretation of the county's immunity under the Mississippi Tort Claims Act. We conclude that the trial court properly interpreted that statute, find no disputes of material fact, and affirm.
¶ 2. In May 2002, Reynolds and her daughters were traveling east on Main Street in Woodville. Wilkinson County Deputy Sheriff Nathaniel Nelson was traveling in a county vehicle toward Main Street at this time, en route to a hardware store to have spare keys made for county gas pumps. Once he arrived at the intersection with Main Street, Deputy Nelson paused at the stop sign. The view to his left was blocked by a blue truck that was legally parked next to the curb on Main Street. Beginning a turn to the right, the deputy edged forward into the intersection to get a better view around the blue truck. As the deputy advanced, his car was struck by the vehicle driven by Reynolds. Reynolds and her daughters sustained injuries in the collision.
¶ 3. Reynolds brought a personal injury action against Wilkinson County on behalf of herself and her daughters. Reynolds later amended her complaint to allege *397 reckless disregard of her safety by Deputy Nelson. The trial court granted the County's motion for summary judgment after finding that the County was entitled to immunity.
¶ 4. The parties agree that this suit is controlled by the Mississippi Tort Claims Act. Miss.Code Ann. § 11-46-1 through 11-46-23 (Rev. 2002). Those statutes provide immunity for the State and its political subdivisions such as Wilkinson County in certain defined circumstances. On appeal, Reynolds argues that the circuit court misapplied the statutes regarding immunity when police functions are involved and when reckless disregard for the safety of others has occurred. Reynolds also asserts that summary judgment should have been granted to her on liability, an argument that will be answered in our resolution of her first two issues.

ISSUE 1: Definition of "police protection"
¶ 5. Reynolds alleges that law enforcement personnel must be engaged in protective activities to be immune from tort liability. Since Deputy Nelson was driving to have keys made when this accident occurred, Reynolds alleges that there is no immunity.
¶ 6. The relevant statute provides that a governmental entity or employee is immune from suit as long as that person is "engaged in the performance or execution of duties or activities relating to police or fire protection. . . ." Miss.Code Ann. § 11-46-9(1)(c) (Rev. 2002). This does not require that a law enforcement officer be then engaged in direct action to apprehend a criminal. Maintenance of a police vehicle has been held to constitute an activity "related to police . . . protection." McGrath v. City of Gautier, 794 So.2d 983, 986 (Miss.2001). The McGrath court reasoned under precedents that predated the Tort Claims Act that the relevant distinction revolved around "whether the municipality acted in a governmental or proprietary capacity." Id. The court held that under the Tort Claims Act, when "an injury is caused by a police vehicle, operated and maintained by the police department, liability will automatically be precluded because the maintenance of a police department is a governmental function, for which municipalities are exempt." Id. at 987.
¶ 7. The same reasoning applies to county-owned and operated law enforcement vehicles. Using a county sheriff's vehicle to drive to a location in order to procure keys for county gas pumps is as much of a governmental function as the vehicle maintenance discussed in McGrath.

ISSUE 2: Reckless disregard by Deputy Nelson
¶ 8. There is no immunity under the Tort Claims Act for a governmental employee if he "acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury." Miss.Code Ann. § 11-46-9(1)(c) (Rev. 2002).
¶ 9. Reynolds asserts that Deputy Nelson acted with reckless disregard when: (1) he moved forward into the intersection when his view was obstructed; (2) he failed to have the legally parked truck removed with tow trucks to which he had access; (3) he failed to use sirens, lights, or a horn to alert other drivers to the fact that he was entering the intersection; and (4) he failed to use an alternate, less busy route where his view would not have been obstructed. Reckless disregard "usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." Maye v. Pearl River County, 758 So.2d 391, 394 (Miss.1999).
¶ 10. Specific uncontested facts should be highlighted here. The truck that obstructed *398 Deputy Nelson's view to his left was legally parked. The deputy stopped at the intersection, saw nothing to his left, and drove slowly as he turned right onto the crossing street. The collision occurred almost immediately after the deputy began his turn.
¶ 11. In order to withstand a motion for summary judgment, the evidence presented by Reynolds must be able to support a finding that the officer was consciously indifferent to the consequences of his actions, "amounting almost to a willingness that harm should follow." Id. The only evidence was that the deputy encountered an intersection in which his view was obstructed, entered it slowly, but allowed his vehicle to move into the lane of crossing traffic without his being able yet to see that traffic. The actions or omissions alleged by Reynolds could not properly be found to constitute reckless disregard. Every time a law enforcement officer encounters circumstances that could usefully be corrected, there is not wanton disregard for the safety of others if the officer does not immediately take steps to ameliorate the risk. Calling a dispatcher about the hazard, or making note of it in some other way, or deciding even that the hazard is so temporary that there is nothing to be done, are all within the realm of possible actions. Doing nothing may at times be negligence, but failure to stop, park, and call for a tow truck or start directing traffic himself does not rise "almost to a willingness that harm should follow."
¶ 12. A somewhat similar fact situation arose in an earlier precedent of this Court in Kelley v. Grenada County, 859 So.2d 1049 (Miss.Ct.App.2003). There, the future plaintiff had finished at a gas station and was waiting to enter the adjacent highway. The lanes of the highway were divided solely by double solid yellow lines. As the plaintiff exited the station in order to cross over the highway and drive to her left, a pickup truck that had been proceeding on the same highway to the plaintiff's right was beginning to turn into the station. The plaintiff drove in front of the truck to cross the highway before turning left. At the same time, a deputy sheriff who had been driving the same direction as the pickup truck decided to avoid the slowing truck by crossing over the center double solid lines to steer around it. The deputy performed his maneuver around the left side of the pickup at the same time as the plaintiff was driving in front of the pickup. The resulting collision led to a suit against the county. Id. at 1051. We concluded that even though the deputy had failed "to anticipate that another vehicle might be pulling out from the blind spot in front of the truck in front of him, [his] decision to steer around that turning truck did not exhibit a wilful or wanton disregard for the safety of others. It showed negligence but not virtually a `willingness that harm should follow.'" Id. at 1054.
¶ 13. Similarly in the present litigation, Deputy Nelson's decision to move forward into the lane of the crossing traffic was at worse a negligent failure to anticipate  i.e., to be conscious of the possibility and to drive in such a way as to protect against that eventuality  that there might be a vehicle in the blind spot beyond the parked truck. It does not constitute "reckless disregard."
¶ 14. The facts of what occurred in this accident are clear. There would be no purpose served by having the same facts shown at a trial. The circuit court was correct in entering a summary judgment for the County.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY IS AFFIRMED. ALL COSTS *399 OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR. ISHEE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY MYERS, P.J.
ISHEE, J., concurring in part, dissenting in part.
¶ 16. While I agree that Deputy Nelson was engaged in activities "related to police protection" within the definition of Mississippi case law, I disagree with the majority's conclusion that summary judgment was proper with regard to whether Deputy Nelson acted with reckless disregard. Accordingly, I respectfully dissent.
¶ 17. This Court reviews a trial court's grant of summary judgment under a de novo standard. Owens v. Thomae, 904 So.2d 207, 208 (¶ 7) (Miss.Ct.App.2005). "[T]here must exist no genuine issues of material fact, and the moving party must be entitled to judgment as a matter of law" in order for summary judgment to be proper. Mozingo v. Scharf, 828 So.2d 1246, 1249 (¶ 5) (Miss.2002). The evidence must be viewed in the light most favorable to the nonmoving party. Pratt v. City of Greenville, 918 So.2d 81, 82-82 (¶ 4) (Miss. Ct.App.2005) (citing McMillan v. Rodriguez, 823 So.2d 1173, 1176 (¶ 9) (Miss. 2002)). The burden of demonstrating the absence of any genuine issue of fact is on the moving party. Id. "That is, the non-movant should be given the benefit of the doubt." Id. If any genuine issue of material fact exists, summary judgment is improper and we will reverse the decision of the trial court. Mozingo, 828 So.2d at 1249-50 (¶ 5). This Court reviews questions of law, including the proper application of the Mississippi Tort Claims Act, de novo. Donaldson v. Covington County, 846 So.2d 219, 222 (¶ 11) (Miss.2003).
¶ 18. As the majority correctly states, reckless disregard "usually is accompanied by a conscious indifference to consequence, amounting almost to a willingness that harm should follow." Miss. Dept. of Pub. Safety v. Durn, 861 So.2d 990, 995 (¶ 10) (Miss.2003) (emphasis added) (quoting Maye v. Pearl River County, 758 So.2d 391, 394 (¶ 19) (Miss.1999)). But see City of Jackson v. Perry, 764 So.2d 373, 378 (¶ 19) (Miss.2000) ("Because Edward's [sic] actions rise above mere negligence, Edwards showed a reckless disregard of the safety and well-being of others"). However, the language "usually accompanied by" and "almost amounting to" in Maye and Durn leaves room for interpretation, as the language itself precludes applying the above definition as an absolute.
¶ 19. In Maye, an officer backed out of a parking lot onto a road with another driver, though he later admitted that he could not see the road from the parking lot. Maye, 758 So.2d at 392 (¶¶ 2-3). The supreme court held in that case that the officer's conduct was sufficient to constitute reckless disregard within the meaning of Mississippi Code Annotated Section 11-46-9. Id. at 395 (¶¶ 21-22).
¶ 20. In Perry, the supreme court held that the conduct of an officer who collided with a vehicle while speeding on his way to a dinner, without flashing lights or siren, constituted "a reckless disregard of the safety and well-being of others." Perry, 764 So.2d at 378 (¶).
¶ 21. In City of Jackson v. Lipsey, 834 So.2d 687, 693 (¶¶ 23-24) (Miss.2003), the supreme court affirmed a trial court's finding of reckless disregard where an officer collided with a vehicle while responding to an emergency dispatch, but failed to use his sirens or lights.
*400 ¶ 22. In Maldonado v. Kelly, 768 So.2d 906, 911 (¶¶ 12-13) (Miss.2000), the supreme court reversed a trial court decision finding, after a non-jury trial, that an officer acted with reckless disregard when he proceeded into an intersection with a partially obstructed view and collided with the plaintiff's vehicle. The court in Maldonado reasoned that the officer in that case took adequate precautions and that the accident was caused by "mere negligence" rather than reckless disregard. Id.
¶ 23. Unlike Maldonado, however, the case sub judice was not allowed to proceed to trial on the merits, but rather was dismissed with prejudice at the summary judgment stage. The record in this case does not so clearly vindicate Deputy Nelson from the possibility of reckless disregard as to warrant a grant of summary judgment for Wilkinson County. It is clearly disputed whether Deputy Nelson, when he moved forward into the intersection with an obstructed view, did so with reckless disregard or through mere negligence. Because the claim only reached the summary judgment stage, the facts necessary to make a determination as to the level of Deputy Nelson's fault simply are not present in the record.
¶ 24. In automobile accidents, expert testimony as to speed, angle of impact, and more is generally necessary to give the fact-finder a full enough understanding to determine the level of fault. While I agree with the majority that some of Reynolds's suggestions as to what Deputy Nelson could have done to avoid the accident (such as calling a tow truck for a legally parked van or taking an alternate route) are somewhat unrealistic, that still does not remove the necessity of allowing a fact-finder to hear enough information to be able to adequately determine whether Deputy Nelson acted with reckless disregard in taking the course of action that he ultimately did take. Keeping in mind Mississippi precedent and viewing the evidence in the light most favorable to Reynolds, summary judgment simply was not the proper course. Thus, I respectfully dissent from the majority's conclusion that summary judgment was proper in this case. The proper course here is to reverse and remand for a trial on the merits.
MYERS, P.J., JOINS THIS SEPARATE WRITTEN OPINION.
[DOCNUM 0127256B]