255 So.2d 904 (1971)
The URBAN RENEWAL AGENCY OF the CITY OF ABERDEEN, Mississippi
v.
Johnny N. TACKETT.
No. 46447.
Supreme Court of Mississippi.
December 13, 1971.
Pogue & Jonas, Aberdeen, for appellant.
Houston & Chamberlin, Aberdeen, for appellee.
JONES, Justice:
Avoiding prolixity, we are confining the statement of facts herein to those essential to an understanding of the law here reannounced.
It was alleged the appellant (hereinafter Urban) had wilfully trespassed on Tackett's land and destroyed ornamental trees. The action was against Urban and the contractor who actually destroyed the trees. The verdict and judgment omitted the contractor and found only Urban liable for $720 for eighteen trees at $40 per tree.
The suit was based on Section 1076, Mississippi Code 1942 Annotated (1956) which reads as follows:
If any person shall cut down, girdle, or destroy by any means whatever, any ornamental tree of any kind of the dimensions of four inches or more in diameter, which is in any enclosed yard, garden, park, or pleasure ground, without the consent of the owner, the person so offending shall pay to the owner of such tree forty dollars for every tree so cut, girdled, or destroyed; and for any ornamental tree of less dimensions which may be cut down, girdled or destroyed, being in such enclosure, the person offending shall pay twenty-five dollars.
*905 This statute gives no right to recover actual damages, but only a penalty. Floyd v. Williams, 198 Miss. 350, 22 So.2d 365 (1945). A municipality is not liable for punitive damages because of the acts of its servants or agents unless authorized by statute. Town of Newton v. Wilson, 128 Miss. 726, 91 So. 419 (1922). No such statute is cited, nor is one found by us.
The question is therefore presented: Is Urban a municipality or such an arm or part thereof as to come within this rule?
Urban was created by our Legislature in 1958. Section 7342-16, Mississippi Code 1942 Annotated (Supp. 1971) is one of the sections enacted and reads, in part, as follows:
There is hereby created in each municipality a public body corporate and politic to be known as the "Urban Renewal Agency" of the municipality.
Chapter 518, Laws of 1958 enumerates the power of a municipality as to urban renewals. Section 7342-15, Mississippi Code 1942 Annotated (Supp. 1971) contains this:
(a) A municipality may itself exercise its urban renewal project powers (as herein defined) or may, if the local governing body by resolution determines such action to be in the public interest, elect to have such powers exercised by the Urban Renewal Agency (created by section 16 [§ 7342-16]) or by the housing authority, if one exists or is subsequently established in the community. In the event the local governing body makes such determination, the Urban Renewal Agency or the housing authority, as the case may be, shall be vested with all of the urban renewal project powers in the same manner as though all such powers were conferred on such agency or authority instead of the municipality.
Section 7342-15(b) reserves to the municipality the power to do certain acts.
The Urban Renewal Agency of the City of Aberdeen as heretofore shown was created as "a public body corporate and politic."
One definition of "body corporate" is stated in 11 C.J.S. Body page 379 (1938) as: "... a body constituted of all the inhabitants within the corporate limits of an incorporated area."
"Body politic" is defined in 11 C.J.S. Body page 380 (1938) as:
It has been said that the phrase connotes simply a group or body of citizens organized for the purpose of exercising governmental functions; that such a group may be large or small, and that it may be a group within a group, including counties even though they are but agencies of the state. It may be formed by a voluntary association of individuals, and is a social compact by which the whole people covenants with each citizen and each citizen with the whole people that all shall be governed by certain laws for the common good. Where the term is used as referring to the state, it signifies the state in its sovereign, corporate capacity, and applies to a body incorporated by the state and charged with the performance of a public duty, such as an institution of learning for the benefit of the people of a particular parish, or a corporate body created for the sole purpose of performing one or more municipal functions, or an incorporated board of trustees of a levee district, or a township declared by statute to be a body politic and incorporate. (Emphasis added).
The Board of Mississippi Levee Commissioners was created in 1865 to perform certain duties as to overflows in certain counties along the Mississippi River. The Act made the Board of appointed commissioners a "body politic and corporate," and this Court held that body within the rule. Lowe v. Board of Levee Commissioners, 19 So. 346 (Miss. 1896); Nugent v. Board of Mississippi Levee Commissioners, 58 Miss. 197 (1880).
*906 These authorities clearly demonstrate that Urban in this case was created as a public body corporate and politic to handle many of the matters involving municipal functions as to urban renewal; and that it is a large part of the municipality or a strong arm thereof, having only to do with municipal actions and comes within the immunity of municipalities from punitive damages.
This case is hereby reversed, and judgment is entered here for appellant.
Reversed and judgment here for appellant.
RODGERS, P.J., and BRADY, INZER and ROBERTSON, JJ., concur.