357 So.2d 920 (1977)
KEY PETROLEUM, INC.
v.
HOUSING AUTHORITY OF CITY OF GULFPORT, and City of Gulfport, Mississippi.
No. 49773.
Supreme Court of Mississippi.
December 21, 1977.
Rehearing Denied May 10, 1978.
Thomas J. Wiltz, Jr., Biloxi, for appellant.
Estes & Blackwell, Leonard A. Blackwell, II, Eaton, Cottrell, Galloway & Lang, James B. Galloway, Gulfport, for appellees.
Before PATTERSON, C.J., and ROBERTSON and SUGG, JJ.
ROBERTSON, Justice, for the Court:
Key Petroleum, Inc. brought suit in the Chancery Court of the First Judicial District of Harrison County, against the Housing Authority of the City of Gulfport and the City of Gulfport, Mississippi, to recover damages because the City revoked a building permit after the complainant had already begun the work authorized by the permit.
Complainant also prayed for an injunction restraining the defendants from carrying out an Urban Renewal Plan for an urban renewal area encompassing, among other properties, two lots owned by the complainant.
Before trial, the defendants moved to strike those portions of the bill of complaint demanding monetary damages on the ground that the City of Gulfport was acting in its governmental capacity in the issuance and revocation of building permits, and the City and its agent, the Housing Authority, were, therefore, immune from suit for damages under the doctrine of sovereign immunity. The court sustained this motion.
After a full trial, the court entered its Decree on June 10, 1976, finding:
"(A) The Complainant has failed to sustain the burden of proof or of presenting sufficient proof to overturn the presumption of regularity of Defendants' action in this cause, and in its ultimate right to revoke the building permit in question.
"(B) The Complainant has not met the burden of showing that the Urban Renewal Plan was not validly enacted.

*921 "(C) That the Urban Renewal Plan involved in these proceedings is valid and that therefore its restrictions on land use of property covered by said plan are valid, and that the Complainant's land was validly regulated.
"(D) That the Bill of Complaint should now be dismissed at Complainant's cost."
The court, therefore, dismissed Key's bill of complaint. Key appeals.
On July 10, 1973, Complainant purchased two lots on which it intended to build a bulk oil and gas distribution plant. An application was made to the City of Gulfport for a building permit. On July 11, 1973, upon payment of the permit fee of $135, a building permit was issued authorizing Key to proceed with the construction of its bulk plant, consisting principally of an office building and six underground storage tanks.
Mr. Leroy Pucheu, deputy building official of the City of Gulfport, testified that before issuing the building permit he checked the municipal zoning ordinances, that complainant's property was zoned Commercial B, and that a bulk plant could be constructed in such zone. At the time the permit was issued, a service station selling oil and gas to the general public was in operation on the property. The complainant, through Hughes, Inc., its building contractor, began to demolish the old service station building, and moved on to the site the new underground storage tanks.
On August 31, 1973, Mr. Huston Carter, executive director of the Housing Authority, wrote deputy building official Pucheu:
"We were shocked to learn that the above-captioned building permit has been issued inside the Urban Renewal Program Area. Please be advised that the construction of the facility called for by this permit will constitute a violation of the Urban Renewal Plan, as approved by a resolution of the Mayor and Board of Commissioners on the 2nd day of May, 1972. We have no alternative, therefore, except to ask that this building permit be rescinded immediately.
"One part of the Urban Renewal Plan, as approved by the above-mentioned resolution, is an entire new zoning for the project area. It is for this reason that we have consistently requested that applications for building permits inside the project areas be submitted to this office for concurrence prior to the issuance of a permit."
Upon receipt of this letter, Pucheu called complainant and requested that construction be stopped. The Board of Commissioners of the City, on September 27, 1973, revoked the building permit issued to complainant.
In disposing of this case, it is only necessary for this Court to decide one issue, and that is whether the adoption of the Urban Renewal Plan for the area encompassing the complainant's property ipso facto amended or changed the zoning laws of the City of Gulfport, so as to prohibit the building of a bulk oil and gas distribution plant on complainant's property.
The Urban Renewal Plan was not recorded in the zoning ordinance book, and was not recorded in the land records of Harrison County, until November, 1973.
The April 3, 1973, resolution of the City Commission of the City of Gulfport, Mississippi, approving the Urban Renewal Plan, contained this language:
"9. That, in order to implement and facilitate the effectuation of the Urban Renewal Plan hereby approved, it is found and determined that certain official action must be taken by this Body with reference, among other things, to changes in zoning, the vacating and removal of streets, alleys, and other public ways, the establishment of new street patterns, the location and relocation of sewer and water mains and other public facilities, and other public action, and, accordingly, the Body hereby (a) pledges its cooperation in helping to carry out the Urban Renewal Plan, (b) requests the various officials, departments, boards and agencies of the Locality having administrative responsibilities in the premises likewise to cooperate to such end and to *922 exercise their respective functions and powers in a manner consistent with the Urban Renewal Plan, and (c) stands ready to consider to take appropriate action upon proposals and measures designed to effectuate the Urban Renewal Plan." (Emphasis added).
It is clear from the above language that the City Commission itself recognized the fact that it must take further action "to implement and facilitate the effectuation of the Urban Renewal Plan ... with reference, among other things, to changes in zoning."
Mississippi Code Annotated section 43-33-21 (1972), also has something to say along this line. That section provides in part:
"All housing projects of an authority shall be subject to the planning, zoning, sanitary and building laws, ordinances and regulations applicable to the locality in which the housing project is situated." (Emphasis added).
Mississippi Code Annotated section 17-1-17 (1977 Supp.), prescribes the method by which zoning regulations may be amended or changed:
"Zoning regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or repealed upon at least fifteen (15) days' notice of a hearing on such amendment, supplement, change, modification or repeal, said notice to be given in an official paper or a paper of general circulation in such municipality or county specifying a time and place for said hearing." (Emphasis added).
In view of the fact that the zoning ordinance of the City of Gulfport, permitting the construction of a bulk oil and gas distribution plant, was not amended, changed or modified as provided in section 17-1-17, it is our opinion that the building permit issued Hughes, Inc. as the building contractor of Key Petroleum, Inc. was wrongfully revoked by the City of Gulfport, Mississippi.
Because the City Commission of the City of Gulfport was performing a governmental function in issuing and revoking the building permit, the lower court was correct in sustaining the motion to strike the claim for damages against the City of Gulfport and its agent, the Housing Authority of the City of Gulfport. See Urban Renewal Agency of the City of Aberdeen, Mississippi v. Tackett, 255 So.2d 904 (Miss. 1971). However, we know of no law prohibiting the City of Gulfport and its Housing Authority from reimbursing the complainant for its actual expenses incurred in beginning its building project as authorized by the City of Gulfport itself in its building permit issued to the Complainant, and for which it paid a $135 permit fee.
The decree of the Chancery Court dismissing the Bill of Complaint is reversed and this cause remanded for further proceedings not inconsistent with this opinion.
This case was considered by a conference of the judges en banc.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.