# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00027-SCT

*JOE P. SPENCER*

*v.*

*GREENWOOD/LEFLORE*
*AIRPORT AUTHORITY*
*a/k/a GREENWOOD/LEFLORE*
*AIRPORT BOARD AND*
*LEFLORE COUNTY*
*BOARD OF SUPERVISORS*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/8/2000 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANDRE FRANCIS DUCOTE |
| | WAYNE E. FERRELL, JR. |
| ATTORNEYS FOR APPELLEES: | CHARLES J. SWAYZE, JR. |
| | LOUIS FERREE ALLEN |
| | WILLIE JAMES PERKINS, SR.. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 01/09/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1.     Joe P. Spencer filed a complaint for damages against the Greenwood-Leflore Airport Authority

a/k/a Greenwood-Leflore Airport Board ("the Airport Authority"), the City of Greenwood, and the Leflore

County Board of Supervisors ("the Board of Supervisors") alleging he sustained damages while landing his

aircraft at the Greenwood/Leflore County Airport ("the Airport"). The Airport Authority filed a motion to dismiss, alleging that it is an entity lacking the authority to sue or be sued; therefore, Spencer could not maintain a suit against it. The circuit court granted the motion to dismiss, finding that the Airport Authority was not an "airport authority," as defined by statute, but was an "airport board," as defined by statute. After a M.R.C.P. 54(b) certification, Spencer appeals from the grant of the motion to dismiss. We reverse and remand.

## FACTS

¶2. Spencer was attempting to land his Pitts SIS FA aircraft at the Airport when one of the wheels lodged in a crack in the runway, causing the aircraft to go into a high speed swerve and then to invert. Spencer alleges that he lost control of the aircraft solely due to the crack and that he was flying in a lawful and proper manner. As a result of the crash, the aircraft was totally destroyed.

¶3. He filed a complaint for negligence against the City of Greenwood, the Airport Authority, and the Board of Supervisors for failure to properly maintain the runway at the Airport. In its motion to dismiss, the Airport Authority contended that it is by definition an "airport board," as opposed to an "airport authority," and therefore, may not be sued pursuant to Miss. Code Ann. § 61-5-37 (Rev. 1996). The Airport Authority also contends that because it is neither a governmental entity nor a political subdivision, the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (2002), is not applicable.

¶4. Spencer, on the other hand, argues that the Airport Authority is a governmental entity that can be sued. Furthermore, he argues that, as allowed by Miss. Code Ann. § 11-46-16 (2002), the Airport Authority has $5 million in insurance coverage for such accidents, well more than Spencer's $75,000 claim.

## DISCUSSION

2

¶5. The first issue raised in the appeal is whether the circuit court's dismissal was granted per M.R.C.P. 12(b)(6) or M.R.C.P. 56. Spencer contends that the circuit court granted the Airport Authority a dismissal pursuant to M.R.C.P. 12(b) and that the motion to dismiss should properly have been treated as a motion for summary judgment, since evidence outside of the pleadings was attached to the motion to dismiss and the response thereto. *Arnona v. Smith*, 749 So. 2d 63, 65 (Miss. 1999). Spencer also claims that if the circuit court had ordered a summary judgment dismissal, then the evidence in this case, including the purchase of liability insurance and the joint resolution, was effectively ignored and dismissal was likewise improper.

¶6. Because a copy of the resolution which created the Airport Authority was attached to the motion to dismiss, the motion to dismiss should have been converted into a motion for summary judgment under M.R.C.P. 12(b).[1] *Jones v. Regency Toyota*, 798 So. 2d 474, 475 (Miss. 2001); *Walton v. Bourgeois*, 512 So. 2d 698, 700 (Miss. 1987). We review orders granting or denying motions for summary judgment de novo and examine all evidentiary matters such as admissions in pleadings, answers to interrogatories, depositions, and affidavits. *Miss. Farm Bureau Cas. Ins. Co. v. Britt*, 826 So. 2d 1261, 1263 (Miss. 2002); *Stewart ex rel. Womack v. City of Jackson*, 804 So. 2d 1041, 1046 (Miss. 2002). The evidence must be viewed in the light most favorable to the party against whom the

---

[1]M.R.C.P. 12(b) provides as follows:

If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56. . . .

motion has been made. *Britt*, 826 So. 2d at 1263; *Leslie v. City of Biloxi*, 758 So. 2d 430, 431 (Miss. 2000).

**I.    WHETHER THE CIRCUIT COURT ERRED BY FINDING THAT THE AIRPORT AUTHORITY COULD NOT BE SUED AND WHETHER THE AIRPORT AUTHORITY IS SUBJECT TO THE MISSISSIPPI TORT CLAIMS ACT.**

¶7.     The Airport Authority contends that it is a "joint airport board" created by joint resolution of the City of Greenwood and of the County of Leflore pursuant to Miss. Code Ann. §§ 61-5-33 to -41 (1996), and not an "airport authority" pursuant to Miss. Code Ann. §§ 61-3-1 to -85 (1996). A "joint airport board" is created by "two or more public agencies." Miss. Code Ann. § 61-5-35 (Rev. 1996). A "public agency" is defined as a municipality or any agency of the state government and of the United States. Miss. Code Ann. § 61-5-33 (Rev. 1996). A "municipality" is defined as "any county, city, village, town, supervisors district or supervisors districts." Miss. Code Ann. § 61-5-3(d) (Rev. 1996).

¶8.     The Airport Authority further contends that since it is a "joint airport board" and Miss Code Ann. § 61-5-37 (1996), the statute which grants express powers to joint airport boards, does not confer the capacity to sue or to be sued, it is immune from Spencer's lawsuit.

¶9.     The circuit court simply ruled that, under the joint resolution that created it, the Airport Authority could only function at the discretion of the City of Greenwood and Leflore County and that it could not be sued. Also, Miss. Code Ann. § 61-5-39 (1996), which lists the powers of a joint airport board, does not include the traditional powers of a legal entity. The circuit court further ruled that the MTCA does not apply to joint airport boards since joint airport boards are not specifically listed in Miss. Code Ann. § 11-

4

46-1(i),[2] and that the Airport Authority was not a body politic, not a body corporate, and not responsible for governmental activities.

¶10.    To the contrary, we find that the Greenwood/Leflore Airport Authority is a "governmental entity" under the MTCA. According to the MTCA, "[g]overnmental entity means and includes the state and political subdivisions as herein defined." Miss. Code Ann. § 11-46-1(g). Under Miss. Code Ann. § 11-46-1(i), a "political subdivision means any body politic or body corporate . . . responsible for governmental activities." Miss. Code Ann. § 61-5-47[3] specifically provides that the exercise of power by a joint airport board constitutes a "public and governmental function[], exercised for a public purpose, and [a] matter of public necessity." It is clear, therefore, that a joint airport board which exercises powers which are

---

[2]Miss. Code Ann. § 11-46-1 (2002) provides in pertinent part:

(i) "Political subdivision" means any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including but not limited to any county, municipality, school district, community hospital . . ., airport authority or other instrumentality thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

[3]Miss. Code Ann. § 61-5-47 (1996) provides as follows:

The acquisition of any lands for the purpose of establishing airports or other air navigation facilities, the acquisition of any airport protection privileges, the acquisition, establishment, construction, enlargement, improvements, maintenance, equipment and operation of airports and other air navigation facilities by any municipality or municipalities of this state, separately or jointly, and the exercise of any other powers granted in the Municipal Airport Law to any airport board, joint board or authority are hereby declared to be public and governmental functions, exercised for a public purpose, and matters of public necessity. Such lands and other property and privileges acquired and used by the municipality in the manner and for the purposes enumerated in said law shall and are hereby declared to be acquired and used for public and governmental purposes and as a matter of public necessity.

declared to be public and governmental functions, exercised for a public purpose, and matters of public necessity, as does the Airport Authority in this case, is a "political subdivision" under § 11-46-1(i) ("any body politic or body corporate other than the state responsible for governmental activities"). Sections 61-5-33 to -41, which specifically apply to joint airport boards, should not be read in a vacuum, and other aviation statutes do indeed apply to joint airport boards. Section 61-5-47 explicitly states that it applies to "any airport board, joint board or authority."

¶11. In further evidence of the Legislature's intent to subject joint airport boards to the MTCA, an amendment to § 61-5-47 was effective on October 1, 1993, the same date that the MTCA became applicable to the state's political subdivisions. The amendment deleted a portion of § 61-5-47 which formerly read as follows:

> No action or suit sounding in tort shall be brought or maintained against the state or any municipality thereof, or the officers, agents, servants of employees of the state or any municipality thereof, on account of any act done in or about the construction, maintenance, enlargement, operation, superintendence or management of any airport or other air navigation facility.

This amendment to § 61-5-47 was part of an act which amended the MTCA and made conforming amendments to other statutes, including § 61-5-47. 1992 Miss. Laws ch. 491. Thus, it is clear that the provision which gave immunity to "any airport board, joint board or authority" was superceded by the adoption of the MTCA.

¶12. Governmental actions under the MTCA are those which are performed pursuant to the act of statute or are a matter of public necessity. *Thomas v. Hilburn*, 654 So. 2d 898, 900 (Miss. 1995). The

6

Airport Authority can not escape liability by merely asserting that it is really an "airport board." Airport boards, although not specifically listed, are by definition subject to the MTCA.

## II. WHETHER THE AIRPORT AUTHORITY'S PURCHASE OF LIABILITY INSURANCE IS RELEVANT.

¶13. Spencer contends that the $5 million insurance policy purchased by the Airport Authority is evidence that it was aware that it had the power to be sued. Spencer argues that the Airport Authority, due to its purchase of liability insurance, should be equitably estopped from raising defenses that assert it is immune from lawsuit.

¶14. We find that the purchase of liability insurance does not subject the Airport Authority to liability suits and the potential liability of the Airport Authority is not a function of its insurance coverage. The MTCA, not an insurance policy which may be purchased, governs to what extent governmental entities have potential liability. *L. W. v. McComb Separate Mun. Sch. Dist.,* 754 So. 2d 1136, 1144-45 (Miss. 1999) ("Miss. Code Ann. § 11-46-17(4) allows for the purchase of insurance by a sovereign which then covers claims in excess of the amounts set by Miss. Code Ann. § 11-46-15 to the extent of the policy. This provision does not limit the exclusions or exemptions enumerated in Section 11-46-9.") The purchase of insurance was relevant prior to the adoption of the MTCA, *see, e.g., L. W.*, 754 So. 2d at 1143 (Prior to the enactment of the MTCA, a defendant sovereign was estopped from asserting sovereign immunity if it had purchased a public liability policy), but now the purchase of insurance is not relevant to the issue of whether a governmental entity is subject to the MTCA. *See, e.g., McGrath v. City of Gautier*, 794 So. 2d 983, 986 (Miss. 2001) ("The purchase of insurance by a governmental entity covers claims in

excess of the statutory cap. It does not limit enumerated exclusions or exemptions from the waiver of sovereign immunity.").

## CONCLUSION

¶15.    The Leflore County Circuit Court erred in finding that the Greenwood/Leflore Airport Authority was not a "governmental entity" under the Mississippi Tort Claims Act. The circuit court's dismissal of the Airport Authority is therefore reversed, and this case is remanded for further proceedings in accordance with this opinion.

¶16.    **REVERSED AND REMANDED.**

**PITTMAN, C.J., SMITH, P.J., COBB, EASLEY AND CARLSON, JJ., CONCUR. DIAZ, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., AND GRAVES, J.**

**DIAZ, JUSTICE, CONCURRING:**

¶17.    While I agree with the majority's final decision in this case to reverse and remand, I do not join the majority's holding that the insurance policy owned by the airport was not evidence that Airport was aware it could sue or be sued. For this reason alone, I respectfully write separately from the majority.

¶18.    Before the MTCA was adopted, the purchase of insurance was considered relevant  when a governmental entity claimed sovereign immunity. In fact, it estopped the entity  from asserting  sovereign immunity. *L.W. v. McComb Separate Mun. Sch. Dist.*, 754 So.2d 1136, 1143 (Miss. 1999). The majority continues further to cite *McGrath v. City of Gautier*, 794 So.2d 983, 986 (Miss. 2001), which states, "[t]he purchase of insurance by a governmental entity covers claims in excess of the statutory cap. It does not limit enumerated exclusions or exemptions from the waiver of sovereign immunity."

¶19.    The majority correctly states that since the adoption of the MTCA an entity's mere purchase of insurance, does not waive its sovereign immunity (up to the statutory limit). But the majority overlooks the fact that the Airport tried to claim that it was not able to sue or be sued. While the Airport might have been immune to liability to a certain extent because of the MTCA, it anticipated the fact that it could be sued above this amount of protection afforded by the MTCA and purchased insurance for further protection. The fact that it owned this insurance is evidence that it believed it could be sued.

**McRAE, P.J., AND GRAVES, J., JOIN THIS OPINION.**