## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01074-SCT

*HOME INSURANCE COMPANY*

*v.*

*MISSISSIPPI INSURANCE*
*GUARANTY ASSOCIATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/23/2001 |
| TRIAL JUDGE: | HON. JOHN T. KITCHENS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT M. FREY |
| ATTORNEYS FOR APPELLEE: | MICHAEL WAYNE BAXTER |
| | WALKER REECE GIBSON |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 01/15/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Three oil rig workers filed suit against G. B. "Boots" Smith Corp., alleging personal injuries as a result of an accident which occurred in 1983. At that time, Home Insurance Company was Smith's primary liability insurer, providing up to $500,000 in coverage. Mission National Insurance Company was Smith's reinsurer or excess liability carrier, providing up to $5,000,000 in coverage. The plaintiffs offered to settle within Home's policy limits, but Home declined the offer. A subsequent trial resulted in a $2,050,000 verdict against Smith. Prior to payment of its portion of the amount owed by Smith, Mission filed for bankruptcy. It was later discovered that Home failed to inform Smith of the settlement offer. To safeguard

against a bad faith claim by Smith, Home paid the entire amount of the judgment against Smith, including that part which exceeded the Home policy limit of $500,000. Later, Home secured an assignment from Smith of all of its potential claims against Mission.

¶2.     Home subsequently notified the Mississippi Insurance Guaranty Association ("MIGA"), a non-profit, unincorporated legal entity created "to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of the insurer . . . ." Miss. Code Ann. § 83-23-103 (Rev. 1999). Home requested that MIGA contribute $300,000, the statutory limit, towards satisfying the judgment.

¶3.     MIGA filed this action for a declaratory judgment against Home and Smith requesting a declaration that it was not statutorily liable to satisfy the judgments rendered against Smith. Smith was later dismissed from the suit. MIGA's motion for summary judgment was granted, and Home appeals.

¶4.     Home raises three issues concerning the liberal construction of the Mississippi Insurance Guaranty Association Law. Miss. Code Ann. § § 83-23-101 to -137 (Rev. 1999). We will not address the issues as presented by Home because we find that Home lacks standing to raise these issues and assert a claim against the MIGA.


## DISCUSSION

¶5.     Pursuant to Rule 56 of the Mississippi Rules of Civil Procedure, we review a trial court's grant of summary judgment de novo. *Spencer v. Greenwood/Leflore Airport Auth.*, 834 So. 2d 707, 709 (Miss. 2003).

¶6.     The circuit court did not err in its grant of summary judgment to MIGA. Home has no standing to

2

raise the issues presented since it is not an insured and does not have a "covered claim" within the definition of the statute.

¶7.     Home claims that it has an "assignment" of all claims from Smith, and, since Smith's claims would have been covered under the statute, Home's claims are covered under the statute. However, even though Home's document is called an "assignment," it really is a disguised subrogation attempt. Subrogation is defined as "the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." Black's Law Dictionary 1158 (7th ed. 2000). To be entitled to subrogation under this context, a party must show that he has paid for something that another, not himself, is legally obligated to pay. Here, Home was legally obligated to pay the entire judgment amount because Home refused to settle within the $500,000 policy limits. Therefore, under our current law, the policy limits increased to encompass the judgment amount. *Hartford Accident & Indem. Co. v. Foster*, 528 So. 2d 255, 265 (Miss. 1988) ("When a suit covered by a liability insurance policy is for a sum in excess of the policy limits, and an offer of settlement is made within the policy limits, the insurer has a fiduciary duty to look after the insured's interest at least to the same extent as its own, and also to make a knowledgeable, honest and intelligent evaluation of the claim commensurate with its ability to do so."). Failure to fulfill this fiduciary duty makes the liability carrier liable for all damages resulting from the refusal to settle, which in this case is the excess of the judgment. *Id.* In essence, Home refused to settle within the policy limits even though it knew a finding of liability was certain. Furthermore, Home failed to even inform Smith of the settlement offer. Since Home's refusal to settle made it liable for the entire amount of judgment, it, as the primary insurer, is responsible for payment and is not entitled to subrogation.

3

¶8.    Home's failure to settle within the policy limits when the offer was made, combined with its failure to inform its insured of such offer, automatically operated to extend Home's limits to the full amount of the judgment rendered. For this reason alone, we find that Home does not have standing to bring this suit since Home's policy limits were extended to cover the entire judgment against Smith, and no subrogation would be allowed under the MIGA Law.

## CONCLUSION

¶9.    The circuit court was correct in finding that Home lacks standing to raise the issues presented in this appeal as it is not an "insured" and has no "covered claim" under the MIGA Law. We therefore affirm the circuit court's grant of summary judgment to MIGA.

¶10.   **AFFIRMED.**

   **PITTMAN, C.J., SMITH, P.J., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**