Barbara JOHNSON, et al., Plaintiffs,

v.

JAMES CONSTRUCTION GROUP, LLC, and Mississippi Department of Transportation, Defendants.

No. CIV.A.3:03 CV 421 BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 20, 2004.

R. Keith Foreman, Marc K. McKay, McKay, Simpson, Lawler, Franklin & Foreman, PLLC, Ridgeland, MS, Delano Funches, Funches & Associates, Lisa Mishune Ross, Lisa M. Ross, Attorney, Jackson, MS, for plaintiffs.

W. Scott Welch, III, Daniel P. Jordan, III, Richard M. Dye, Butler, Snow, O'Mara, Stevens & Cannada, J. Anthony Williams, Mississippi Dept. of Transportation, Jackson, MS, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiffs' Motion to Remand. Having considered the Motion, Response, Rebuttal, supporting and opposing memoranda, and all attachments to each, the Court finds that the Motion to Remand is well taken and should be granted.

### I. Factual Background and Procedural History

On or about September 1, 2001, Marlo S. Bilbrew, a minor, was driving a vehicle on Interstate 55 in Madison County, Mississippi. The vehicle collided with a Linkbelt construction crane owned by Defendant James Construction Group, LLC. At that time, Defendant James Construction Group was a prime contractor for Defendant Mississippi Department of Transportation (hereinafter "MDOT") for roadway construction and improvement of certain areas of Interstate 55 in Madison County, Mississippi. The accident caused the death of Marlo S. Bilbrew and two passengers, Demarcus Bilbrew, a minor, and Christopher C. Johnson, a minor.

On February 21, 2003, Plaintiffs Barbara Johnson and A.V. Johnson, individually as parents, and on behalf of all heirs at law and wrongful death beneficiaries of Christopher C. Johnson, a minor, deceased, and Doris Sutton, individually and on behalf of all heirs at law and wrongful death beneficiaries of Marlo Bilbrew, a minor, deceased, and Sylvia Fleming, individually and on behalf of all heirs at law and wrongful death beneficiaries of Marlo Bilbrew, a minor, deceased, and Demarcus Bilbrew, a minor deceased, filed their Complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Plaintiffs claim that the Linkbelt crane was parked in such close proximity to the northbound lanes of Interstate 55 that it posed a dangerous and hazardous conditions to persons traveling on Interstate 55. Defendant James Construction timely filed its Notice of Removal arguing that Defendant MDOT had been fraudulently joined. On April 16, 2003, all Plaintiffs filed their Motion to Remand. This motion is now ripe for consideration.

### II. Fraudulent Joinder Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin,* 882 F.2d at 190; *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990), *cert. denied* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. Mar.28, 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999)); *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995); *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995).

When considering whether a non-diverse defendant has been fraudulently

joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence·such as affidavits and deposition testimony." *See e.g. Cavallini,* 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties"). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir.2000).

 In *Travis,* the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical.

*Travis,* 326 F.3d at 648 (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss.2001) (J. Bramlette) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."). Therefore, removal is not precluded · merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *See Badon,* 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a ·matter· of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

 When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), but "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d. at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

### III. Analysis

 In their Complaint, Plaintiffs claim that Defendant MDOT was negligent in placing the crane in close proximity to the highway and for failing to place adequate warning signs, markers, and other

methods of identification on the side of the highway. *See* Complaint at 4. Plaintiffs also claim that MDOT failed to properly train and supervise its employees responsible for protecting the safety and welfare of motorists. *Id.*

In its Response to the Motion to Remand, Defendant James Construction argues that Plaintiffs cannot recover against MDOT in state court and that MDOT is not a separate and distinct entity capable of being sued under the Mississippi Tort Claims Act. In support of its position, Defendant James Construction cites an opinion rendered by Judge Henry T. Wingate, *Calvin Dean, et al. v. Mississippi Department of Transportation,* on June 30, 1998, at Civil Action No. 3:97cv914WS. Although Plaintiff notes that this opinion is unpublished, the Court is still free to adopt the reasoning of the opinion if it so chooses. In *Dean,* the court stated that

> [t]he State of Mississippi has not authorized lawsuits against the Department; it has authorized suits against the Commission. This conclusion was reached in *McKay v. Boyd Construction Company, Inc. and Mississippi State Highway Department,* 769 F.2d 1084, 1086 (5th Cir. 1985), wherein the Fifth Circuit stated that "Mississippi has not authorized suits against the Department in either state or federal court."

However, the Fifth Circuit case relied on by the court in *Dean* was decided before the Mississippi Tort Claims Act (hereinafter "MTCA") was enacted. The *Dean* opinion does not even discuss the MTCA. Therefore, this Court must decide whether the MTCA applies to MDOT.

The *Dean* court also based its decision on § 65–1–5 which provides that "[t]he Mississippi Transportation Commission shall be a body corporate and as such may sue and be sued, plead and be impleaded, in any court of justice having jurisdiction...." The court noted that there was

no statutory counterpart which exposes MDOT to suit. However, in *Spencer v. Greenwood/Leflore Airport Authority,* 834 So.2d 707, 710 (Miss.2003), the Mississippi Supreme Court held that a joint airport board was a governmental entity under the MTCA even after considering the fact that the statute that granted express powers to the joint airport board did not confer upon it the capacity to sue or to be sued. The court focused on the definition of "political subdivisions" under the MTCA, rather than the statute creating the joint airport board, in deciding whether the airport board could be sued under the MTCA.

The Mississippi Supreme Court has never directly answered the question of whether MDOT would be subject to suit under the MTCA. Therefore, this Court must venture an *Erie* guess as to what the Mississippi Supreme Court would conclude if presented with this issue. The MTCA, Miss.Code Ann. § 11–46–1 *et seq.,* waives certain immunities provided to the State and its political subdivisions. The Act provides the exclusive remedy for a party injured by a governmental entity's tortious acts or omissions. The Act states that

> the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived from and after July 1, 1993, as to the state ....

Miss.Code Ann. § 11–46–5. The Act defines the "state" as

> the State of Mississippi and *any* office, department, *agency,* division, bureau, commission, board, institution, hospital, college, university, airport authority or other instrumentality thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

Miss.Code Ann. § 11–46–1(j) (emphasis added).

The Court finds that the Mississippi Supreme Court would conclude that MDOT is subject to suit under the permissive scope of the Mississippi Tort Claims Act. Under the statute creating MDOT, the department is

> designated as the single **state agency** to receive and expend any funds made available by the United States Department of Transportation or any agency of the federal government for transportation purposes and to cooperate with federal, state, interstate, and local agencies, organizations and persons performing activities relating to transportation.

Miss.Code Ann. § 65–1–2 (emphasis added). Therefore, under a plain reading of this statute, MDOT falls under the definition of the "state" provided in the MTCA. Although the Mississippi Supreme Court has never specifically addressed the issue of whether MDOT is subject to suit under the MTCA, the Mississippi Supreme Court has applied the MTCA in cases against MDOT. *See Mississippi Dept. of Transp. v. Cargile,* 847 So.2d 258, 269 (Miss.2003) (considering whether trial court correctly found MDOT's duty to regularly inspect and maintain highway to be discretionary under MTCA); *Jones v. Mississippi Dept. of Transp.,* 744 So.2d 256, 258 (Miss.1999) (considering whether the failure of MDOT and a county to place traffic control devices on road is discretionary act under MTCA). In fact, in an earlier case before the Mississippi Supreme Court, MDOT argued that as a state agency, it was entitled to the protections offered by the MTCA.

*Mississippi Transp. Com'n, v. Jenkins,* 699 So.2d 597, 599 (Miss.1997). MDOT argued that it was immune from liability under § 11–46–3 of the MTCA. *Id.* The Mississippi Supreme Court agreed that MDOT was immune from liability under § 11–46–3 and that its immunity had not been waived by the purchase of insurance. *Id.*[1] Based on the statute and this case law, the Court finds that the Mississippi Supreme Court would finds that MDOT is covered by the MTCA.[2] Since MDOT is subject to this suit and since the Complaint alleges claims under which MDOT may be liable, the Court finds that Plaintiffs' Motion to Remand is well taken and should be granted.

In the alternative, Defendant argues that even if MDOT could be sued under Mississippi law, MDOT would be immune from liability pursuant to Miss Code Ann. § 11–46–9(1)(v). The statute provides an exemption for any claim

> [a]rising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care. . . .

The Mississippi Supreme Court has stated that "[t]his exemption, like that of qualified or absolute immunity, is an entitlement not

---

**1.** When *Jenkins* was decided, the MTCA only waived sovereign immunity for agencies that had purchased insurance to cover liability. In *Jenkins,* the court found that since MDOT had not purchased insurance applicable to the claims, it could not be held liable under the MTCA. *Id.* at 600.

**2.** Defendant James Construction only argues that the notice of claim was improper against the Mississippi Transportation Commission. Defendant does not claim that notice was improper as to MDOT. Therefore, the Court finds that the notice of claim was properly delivered to MDOT through service upon the Executive Director of MDOT.

to stand trial rather than a mere defense to liability and, therefore, should be resolved at the earliest possible state of litigation." *Mitchell v. City of Greenville,* 846 So.2d 1028, 1029 (Miss.2003). The *Mitchell* court found that immunity was a question of law and a proper matter for summary judgment. *Id.*

Defendant James Construction has presented no evidence that circumstances in this case warrant the use of this exemption. Based on this failure, the Court cannot find at this stage of the litigation that the exemption allowed by § 11–46–9(1)(v) applies as a matter of law. Of course, this does not preclude either Defendant from filing a motion for summary judgment in state court based on the exemption.

### IV. Conclusion

Based on the analysis and holdings presented above:

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [7–1] is hereby granted. This case is hereby remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that any other motions outstanding in this case that were filed before the date of this Opinion and Order are dismissed without prejudice because this Court does not have jurisdiction to decide them. The movants, of course, may re-file the dismissed motions in state court upon remand.