LAMAR, Justice,
for the Court:
¶ 1. This interlocutory appeal presents the issue of whether a volunteer fire department incorporated under the Mississippi Non-Profit Corporation Act[1] is a “political subdivision” under the Mississippi Tort Claims Act[2] (MTCA) and thus immune from liability. The volunteer fire department[3] argues immunity for itself and its employee, asserting it is a “body corporate ... responsible for governmental activities” under the MTCA’s definition of “political subdivision.”[4] However, plaintiffs Milton and Brenda Spotts argue that the volunteer fire department is an independent contractor with Lowndes County and is not entitled to immunity.[5] We find the volunteer fire department does not meet the definition of a political subdivision, as the term “body corporate” does not mean any corporate body, but a public corporate body. We also find the volunteer fire department was acting as an independent contractor with the county. Thus, the volunteer fire department and its employee do not have immunity for their alleged acts of negligence.
Facts
¶ 2. The underlying dispute arose from a vehicle collision between volunteer firefighter Daniel Flye and a Lowndes County Sheriffs Department vehicle, in which Milton Spotts was a passenger and suffered injuries. Both Flye and Spotts had responded to an emergency call to provide assistance to a child who had been hit by a vehicle. Flye had responded in his capacity as a volunteer firefighter with the Lowndes County District 1 Fire Department (the volunteer fire department), and *243 was driving his personal vehicle with a county-issued radio at the time he collided into the back of the sheriffs car.[6]
¶ 3. Aggrieved by his injuries, Spotts filed a complaint against the volunteer fire department and Flye. After conducting some discovery, the defendants moved for summary judgment, arguing immunity under the MTCA. The defendants asserted that, as a private, nonprofit corporate entity, the volunteer fire department was a “body corporate” providing “governmental activities” under the definition of “political subdivision.” They submitted the affidavit of Sammy Fondren, the fire coordinator for Lowndes County, who provided the following undisputed facts:
(1) District I Volunteer Fire Department receives funding from county millage money and State Insurance Rebate Funds.
(2) All of the equipment used by the firefighters in the performance of their duties is provided by Lowndes County, but the County exercises no control over it.
(8) While the firefighters receive no salary or other compensation from Lowndes County or the fire department, they receive a nominal amount of reimbursement for each call they answer, to assist with personal expenses such as gas. Based on federal law, the money received as reimbursement is not taxed income unless the total reimbursement exceeds $600. And the District 1 Volunteer Fire Department supplies the 1099 tax form for reporting the reimbursements.
¶ 4. In response, the plaintiffs argued that the volunteer fire department was an autonomous entity, organized under the Mississippi Non-Profit Corporation Act,[7] that had simply contracted with the county to provide fire protection services.[8] The plaintiffs argued the fire department is not a political subdivision, as it has no governmental accountability. They pointed out that the county had no control over the fire department’s activities, including hiring, firing, and operating of machinery. Additionally, the plaintiffs noted that the volunteer fire department has its own board of directors with the ability to raise money through private fundraisers. While the plaintiffs admitted the county paid for the fire department’s liability insurance, they argued the insurance was provided as consideration for the contract and did not cause the department to become a political subdivision. They also argued that fire protection services are not governmental activities.[9] After hearing these arguments, the trial court denied summary judgment, finding genuine issues of material fact exist “as to whether Defendant District I Fire Department is considered a *244 political subdivision^]” It made no other findings.
Discussion
¶ 5. This Court applies a de novo review to a grant or denial of summary judgment[10] and to the application of the MTCA.[11]
¶ 6. The MTCA defines “political subdivision” as:
[A]ny body politic or body corporate other than the state responsible for governmental activities[12] only in geographic areas smaller than that of the state, including, but not limited to, any county, municipality, school district, community hospital as defined in Section 41-13-10, Mississippi Code of 1972, airport authority or other instrumentality thereof,[13] whether or not such body or instrumentality thereof has authority to levy taxes or to sue in its own name.[14]
The defendants argue that the volunteer fire department is a “body corporate,” since it is a private, nonprofit corporation that performs governmental activities by way of fire protection. Neither the MTCA nor the Code defines “body corporate.” Therefore, we examine the surrounding text of the statute, the dictionary, and caselaw to determine the meaning.
¶ 7. This Court defined the phrases “body corporate” and “body politic” when determining whether the Urban Renewal Agency of the City of Aberdeen was immune from liability.[15] In that case, the Legislature had enacted a statute that expressly identified the agency as a “public body corporate and politic.”[16] In addressing the issue of liability, the Court determined the meaning of the phrases “body corporate” and “body politic.” [17] It noted “one definition” of “body corporate” is “a body constituted of all the inhabitants within the corporate limits of an incorporated area.”[18] The Court found that “body politic” meant:
Where the term is used as referring to the state, it signifies the state in its sovereign, corporate capacity, and applies to a body incorporated by the state and charged with the performance of a public duty, such as an institution of learning for the benefit of the people of a particular parish, or a corporate body created for the sole purpose of performing one or more municipal functions, or an incorporated board of trustees of a levee district, or a township declared by statute to be a body politic and incorpo *245 rate.[19]
¶ 8. Notably, the Court’s definition of “body politic” applied to a “body incorporated,” so the phrases “body politic” and “body corporate” are not mutually exclusive.[20] The Court’s definition of “body corporate” clearly meant a governmental subdivision of an area smaller than the state, not a private corporation.[21] However, the Court provided only “one definition” for “body corporate.”[22] Black’s Law Dictionary also provides a definition of “body corporate,” defining it as a “public or private corporation.”[23] Arguably, this Court chose the “one definition” that denoted a public corporation, since the phrase at issue was “public body corporate and politic.” [24]
¶ 9. However, the Legislature’s omission of “public” to modify “body corporate” in the MTCA does not mean that “body corporate” should apply to a private corporation. Black’s Law Dictionary also defines the phrase “body politic or corporate”:
A social compact by which the whole people covenants with each citizen, and each citizen to the whole people, that all shall be governed by certain laws for the common good.... Also a term applied to a municipal corporation, school district, county or city. State or nation or public associations[25]
That definition applies only to governmental/public entities, not private.
¶ 10. We also note that the phrase “body politic or body corporate” in the MTCA is immediately followed by the words “including, but not limited to, any county, municipality, school district, community hospital ... [or] airport authority[.]”[26] So “body politic” and “body corporate” are general terms followed by more specific ones. Under the doctrine of ejusdem generis:
Where general words follow specific words in statutory enumeration, the general words are construed to embrace only those objects similar in nature to those objects enumerated by the preceding specific words. Where the opposite sequence is found, ie., specific words following general ones, the doctrine is equally applicable, and restricts application of the general term to things that are similar to those enumerated. Ejus-dem generis has been called a common drafting technique designed to save the legislature from spelling out in advance every contingency in which the statute could apply.[27]
All of the specific words following “body corporate” clearly identify those entities as governmental. So after reviewing the language at issue, we conclude that the term “body corporate,” either in isolation or as part of the phrase “body politic or body corporate” in the MTCA, does not include a private corporation.
¶ 11. However, the defendants argue that this Court held in Mozingo v. Scharf that a private entity can be immune under the MTCA.[28] In that case, the Court deter *246 mined whether University Anaesthesia Services (UAS) was a governmental entity.[29] The plaintiffs contended that UAS was a private entity acting as an independent contractor with University of Mississippi Medical Center and not a governmental entity.[30] However, the Court held that UAS was “not a private entity” but in fact a governmental entity, as it was an instrumentality of UMMC.[31] In support of its holding, the Court relied on the following facts: (1) UAS was a medical practice plan under the “umbrella” of UMMC, and every doctor providing clinical patient services at UMMC was required to participate in a practice plan; (2) twelve clinical departments at UMMC formed UAS; (3) UAS physicians could not moonlight on other jobs in private practice but could only provide services at UMMC; and (4) “UAS was created because of a direct edict from the state agency [Board of Trustees of State Institutions of Higher Learning of the State of Mississippi] charged with the management of UMMC.”[32]
¶ 12. The defendants’ reliance on Moz-ingo is misplaced, as this Court clearly held that UAS was not a private entity.[33] Second, the Mozingo Court found UAS was an instrumentality.[34] Here, the defendants argue that the volunteer fire department meets the definition of “body corporate” and have never contended it is an instrumentality of the county. And, unlike UAS in Mozingo, private citizens created the volunteer fire department, and its operations are not controlled by the county. We do not find that the use of county equipment or the receipt of county funds, including liability insurance, causes the volunteer fire department to become a political subdivision. Those funds and equipment could be allocated to support any fire department,[35] and the purchase of insurance was a term of the contract between the department and county.
¶ 13. If “body corporate” denoted private corporations that contract with government entities, then those private corporations would be both a “political subdivision” and an independent contractor. The volunteer fire department does not dispute that it is an independent contractor and argues that the MTCA does not prohibit independent contractors from also being political subdivisions. According to the defendants, the MTCA excludes independent contractors only from the definition of employee. The MTCA defines “employee” as:
any officer, employee or servant of the State of Mississippi or a political subdivision of the state, including elected or appointed officials and persons acting on behalf of the state or a political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation. The *247 term “employee” shall not mean a person or other legal entity while acting in the capacity of an independent contractor under contract to the state or a political subdivision.[36]
¶ 14. In reviewing the MTCA’s definition of employee, this Court has held that “[g]enerally speaking, independent contractors are not granted immunity under the MTCA.”[37] In Knight v. Terrell, a wrongful-death beneficiary filed suit against a school and its peace officer, an independent contractor doing business with the school as Terrell Security Services.[38] The trial court dismissed the suit, finding the officer was immune under the MTCA.[39] On appeal, this Court noted that the Legislature “allows schools to retain peace officers for the purpose of providing security on school campuses” and that another statute granted the officer the powers of constable.[40] The Court further noted that a constable’s duties fall under “police protection” and such actions are generally immune from liability under Section 11 — 46—9(l)(e) of the MTCA.[41] However, the Court held that “[u]nless or until the Legislature expressly crafts the statute to provide constable immunity to independent contractors, we will not draft one where it does not exist.”[42] Thus, Terrell stands for the proposition that a private company and its employees who provide “governmental activities”[43] via contract with a political subdivision are not immune from liability under the MTCA. And this Court specifically has ruled that “duties connected with the preservation of the peace or health, or the prevention of the destruction of property by fire are all governmental [activities.]” [44]
¶ 15. The volunteer fire department concedes that, like the officer in Terrell, it is an independent contractor with the county. And, like the police protection at issue in Terrell, “fire protection” generally is immune from liability under the MTCA and is a governmental activity.[45] But as the Court held in Terrell, “[u]nless or until the Legislature expressly crafts the statute to provide [private volunteer fire department] immunity to independent contractors, we will not draft one where it *248 does not exist.”[46] Thus, the volunteer fire department is not a political subdivision under the MTCA.
Conclusion
¶ 16. While private volunteer fire departments provide valuable services for the communities they serve, their charitable works exercised through a contract with a governmental entity do not convert them into a political subdivision. Such entities do not constitute a “body corporate” as the Legislature used that term to define political subdivisions. Thus, the trial court erred in finding genuine issues of material fact exist as to the volunteer fire department’s status. The volunteer fire department and its employee are not immune under the MTCA for their alleged acts of negligence. However, we affirm the trial court’s denial of summary judgment and remand for further proceedings consistent with this opinion.
1f 17. AFFIRMED AND REMANDED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. Miss.Code Ann. § 79-11-101 (Rev.2009).

. Miss.Code Ann. §§ 11-46-1 to -23 (Rev. 2002 and Supp.2011).

. Lowndes County District 1 Fire Department

. Miss.Code Ann. § 11-46-1 (f), (i) (Supp. 2011).

.See generally Miss.Code Ann. § 11 — 46—1(f) (Supp.2011) ("The term ‘employee’ shall not mean a person or other legal entity while acting in the capacity of an independent contractor under contract to the state or a political subdivision....”).

. The parties dispute whether District 1 and/or Flye properly responded to the call, as the emergency call arose out of District 3, not District 1. However, that dispute is irrelevant for the purposes of this interlocutory appeal, since we find the volunteer fire department is not protected by the Mississippi Tort Claims Act.

. Miss.Code Ann. § 79-11-101 (Rev.2009).

. Under Mississippi Code Section 19-5-175, "if the board of commissioners of [a fire protection district] and the board of supervisors unanimously agree, the county may contract directly with any fire protection services provider, in which case the board of supervisors may distribute directly to the fire protection services any and all funds that otherwise would be distributed to the fire protection district.” Miss.Code Ann. § 19-5-175 (Rev. 2003).

.They argued in the alternative that Flye's response was not "fire .protection” but was the response of a "Good Samaritan.”

. Mozingo v. Scharf, 828 So.2d 1246, 1249-50 (Miss.2002).

. City of Jackson v. Harris, 44 So.3d 927, 931 (Miss.2010).

. This Court has ruled that "[g]ovemmental acti[vities] under the MTCA are those which are performed pursuant to the act of a statute or are a matter of public necessity.” Spencer v. Greenwood/Leflore Airport Auth. a/k/a Greenwood/Leflore Airport Bd. & Leflore Co. Bd. of Supervisors, 834 So.2d 707, 711 (Miss.2003).

. We note the plaintiffs argue in their appellate brief that the volunteer fire department is not an instrumentality of the county. However, the defendants have never argued that the volunteer fire department is an instrumentality, but have always maintained it is a body corporate performing governmental activities.

. Miss.Code Ann. § 11 — 46—l(i) (Supp.2011) (emphasis added).

. Urban Renewal Agency of the City of Aberdeen v. Tackett, 255 So.2d 904 (Miss.1971).

. Id. at 904-05 (emphasis added). Notably, the phrase at issue contained the word "public” that modified "body corporate and politic.” Id. (emphasis added).

. Id. at 905.

. Id.

. Id. (emphasis added).

. Id.

. Id.

. Id.

. Black’s Law Dictionary 175 (6th ed.1990) (emphasis added).

. Tackett, 255 So.2d at 904-05.

. Black’s Law Dictionary 175 (6th ed.1990).

. Miss.Code Ann. § 11 — 46—1(1) (Supp.2011).

. 2A Sutherland Statutory Construction § 47:17 (Westlaw 7th ed.).

. Mozingo v. Scharf, 828 So.2d 1246 (Miss.2002).

. Id. at 1249. Under the MTCA, a governmental entity "means and includes the state and political subdivisions as herein defined.” Miss.Code Ann. § 11 — 46—1(g) (Supp.2011).

. Mozingo, 828 So.2d at 1249.

. Id. at 1255 (emphasis added).

. Id.

. Id.

. Id.

.See generally Miss.Code Ann. § 19-5-175 (Rev.2003) ("[T]he county may contract directly with any fire protection services provider, in which case the board of supervisors may distribute directly to the fire protection services provider any or all of the funds that otherwise would be distributed to the fire protection districtf.]”); Miss.Code Ann. § 83-1 — 39(3)(g) (Rev.2011) ("Any county-owned equipment or other property, at the option of the board of supervisors, may be used by any legally created fire department.”).

. Miss.Code Ann. § 11 — 46—1(0 (Supp.2011) (emphasis added).

. See Knight v. Terrell, 961 So.2d 30, 33 (Miss.2007) (emphasis added).

. Id. at 31.

. Id.

. Id. at 31-32.

. Id.

. Id. at 33.

. As previously noted, this Court has ruled that “[governmental activities] under the MTCA are those which are performed pursuant to the act of a statute or are a matter of public necessity.” Spencer v. Greenwood/Le-flore Airport Auth. afk/a. Greenwood/Leflore Airport Bd. & Leflore Co. Bd. of Supervisors, 834 So.2d 707, 711 (Miss.2003).

. City of Hattiesburg v. Geigor, 118 Miss. 676, 79 So. 846, 846 (1918).

. Section 1 l-46-9(l)(c) provides that a:
governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: .... [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury....
Miss.Code Ann. § 11 — 46—9(l)(c) (Supp.2011) (emphasis added).

. Terrell, 961 So.2d at 33.